I. T. GOODNIGHT ET AL. V. CITY OF WELLINGTON.

No. 5131. Decided February 6, 1929.
(13 S. W., 2d Series, 353.)

*R. H. Cocke,* for appellants.

The establishment and maintenance of a band by municipal government and any expenses incurred in the establishment and maintenance of a band by municipality, not being for public purposes any tax sought to be levied to defray the expenses thereof is null and void. Any act of the Legislature attempting to authorize such is invalid and unconstitutional. Constitution Art. 8, sec. 3; Id. Art. 11, Sec. 4.

*Louther Gribble,* for appellee.

A municipal corporation may, under legislative authority, levy a tax not only to provide for the material necessities of its citizens, but also for the pleasure, recreation and general enjoyment of its citizens, and taxes levied to so provide are taxes to defray current expenses of local government. 19 R. C. L., Municipal Corporations, Section 29; Neal v. Cain, 247 S. W., 694; Neff v. Elgin, 270 S. W., 873.

Mr. Judge SPEER delivered the opinion of the Commission of Appeals, Section B.

This cause is before us upon the following Certificate from the Court of Civil Appeals for the Seventh District:
"The Appellants, I. T. Goodnight and forty-seven other property taxpaying citizens in the City of Wellington, instituted suit in the District Court of Collingsworth County, Texas, seeking to enjoin the City and the officers thereof from expending any revenues of the City, and from levying and collecting any taxes on the property

within the corporate limits of the City, for the purpose of establishing and maintaining a municipal band.

"The record discloses that the City of Wellington is incorporated under the general laws of the State and contains fewer than 5000 inhabitants; that the mayor and aldermen of the City of Wellington, acting under the authority of and in compliance with Articles 1269a to 1269f inclusive, R. C. S., 1925, ordered, and there was regularly held, in compliance with said Articles, an election in the City of Wellington to determine the proposition, whether or not the City should appropriate its revenues not to exceed a tax of three mills on the $100.00 valuation of the property therein, to establish and maintain a band; that said election carried, the result thereof was duly declared, and the City was proceeding to establish and maintain a band and expend the revenues of the City therefor; that Appellants sought and obtained a temporary writ of injunction from the District Court, restraining the City from expending any of its revenues or levying and collecting any taxes for the purpose of establishing and maintaining a municipal band; that on a final hearing, Articles 1269a to 1269f inclusive were declared, by the Trial Court, to be constitutional, the election valid, and the injunction dissolved.

"The Appellants attack the judgment of the Trial Court, and challenge the constitutionality of said Articles authorizing the City of Wellington, incorporated under the general laws and containing less than 5000 inhabitants, to appropriate revenues and collect taxes for the purpose of establishing and maintaining a municipal band, because it is not the duty of the State or City, as a government, to establish and maintain a band, and, therefore, said Articles are in contravention of the Constitution of the State of Texas and especially of Article VIII, Section 3 thereof, which provides that 'Taxes shall be levied and collected by general laws and for public purposes only.'

"Inasmuch as the constitutionality of these Articles presents a question of law, we deem it advisable to certify to Your Honorable Court, for decision, the following question:

"Are said Articles authorizing cities and towns like Wellington to appropriate the revenues thereof, not to exceed a tax of three mills on the $100.00 valuation of the property therein, to establish and maintain a band, in contravention of the Constitution of the State?"

Section 3 of Article VIII of the Constitution declares:

"Taxes shall be levied and collected by general laws and for public purposes only."

The certificate calls for a determination of the meaning of the words "public purposes" in the section quoted. The term is capable of two constructions. In the connection where used, being a part of the article devoted to Taxation and Revenue, the section is general in its application to all taxes whether they are state, county or municipal. The words "public purposes" might mean purposes not private or they might mean, where applied to municipalities, purposes governmental in their nature rather than proprietary. If the framers of the Constitution employed the words in the sense first indicated, then the question certified should be answered in the negative; if in the sense last indicated, then it should be answered in the affirmative. For clearly the business of establishing and maintaining a municipal band is not a governmental function for the benefit of the public at large, but rather it is a proprietary function for the benefit of that portion of the public constituting the municipality. See City of Fort Worth v. Wiggins (Tex. Com. App.), 5 S. W., (2d) 761.

In determining the intention of the framers of the Constitution in the use of the words under consideration, it is proper to consider other parts of the Constitution which are *in pari materia*. Section 4 of Article 11 provides that:

"Cities and towns having a population of 5,000 or less may be chartered alone by general law. They may levy, assess and collect such taxes as may be authorized by law, but no tax for any purpose shall ever be lawful for any one year which shall exceed 1½% of the taxable property of such city," etc.

Section 5 is what is commonly called the "Home Rule Amendment" and authorizes cities having more than 5,000 inhabitants to adopt or amend their charters, which charters have the force and effect of legislative sanction.

Section 6 provides that:

"Counties, cities and towns are authorized in such mode as may now or may hereafter be provided by law to levy, assess and collect the taxes necessary to pay the interest and provide a sinking fund to satisfy any indebtedness heretofore legally made and undertaken," etc.

Section 9 of Article VIII declares:

"And no county, city or town shall levy more than $.25 for city or county purposes and not exceeding $.15 for roads and bridges, and not exceeding $.15 to pay jurors, on the $100 valuation, except for the payment of debts, incurred prior to the adoption of the amendment September 25, 1883; and for the erection of public

buildings, streets, sewers, water works and other permanent improvements not to exceed $.25 on the $100 valuation in any one year, and except as is in this Constitution otherwise provided."

It is thus apparent the Constitution has authorized the maintenance of municipal corporations by taxation. In truth, they could be maintained in no other practical way. The section last above quoted expressly authorizes taxes to be assessed and levied for "city purposes." It expressly enumerates certain purposes but not by way of specially authorizing them but by way of limitation of amount. In other words, it has apportioned the taxes to be levied to the different purposes enumerated within the limits stated. Now some of the purposes expressly mentioned such as streets, (White v. San Antonio, 94 Texas, 313, 60 S. W., 426) and sewers, (Ostrom v. San Antonio, 94 Texas, 523, 62 S. W., 909, garbage disposal) have been held to be proprietary and not governmental functions, of the municipality; and necessary "city purposes" and "other permanent improvements" may and do include proprietary purposes as well as governmental purposes. So that it necessarily follows that in Section 3 of the same Article which forbids the levying and collecting of taxes except for "public purposes" the convention could not have used that term in the sense of "governmental" purposes for such intention is flatly contradicted by the express authority conferred in Section 9 with respect to proprietary purposes. It follows that the words were used in their popular sense as forbidding taxation for private purposes and that within the maximum limitations imposed by the organic law the section constitutes no barrier to the levying and collecting of taxes for any municipal purpose so long as that purpose is a public and not a private one. The only constitutional limitation upon the right of a municipality to levy and collect taxes being that the purpose must be a public one and the rate not to exceed the maximum stated. We therefore recommend that the question certified should be answered "No."

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. Cureton, Chief Justice.