TOWNSHIP OF GENEVA *v.* CITY OF SOUTH HAVEN.

TAXATION—PUBLIC PROPERTY—ELECTRICITY.

Poles and lines used by city to convey electrical energy from its plant inside city to users outside for consideration, not in excess of constitutional provision, are public property used for public purpose, and therefore not subject to taxation by township in which they are located (Const., art. 8, § 23; 1 Comp. Laws 1929, § 3395).

Appeal from Van Buren; Warner (Glenn E.), J. Submitted October 25, 1932. (Docket No. 213, Calendar No. 36,033.) Decided January 3, 1933.

As to exemption of municipal light plant from taxation, see annotation in 16 L. R. A. (N. S.) 867.

Assumpsit by Township of Geneva against City of South Haven for taxes on an electrical line. Judgment for defendant. Plaintiff appeals. Affirmed.

*Lewis R. Williams,* for plaintiff.

*Fred C. Cogshall,* for defendant.

POTTER, J. Plaintiff sued defendant to recover taxes. Defendant answered. The facts were stipulated. Plaintiff is an organized township in Van Buren county; defendant, a municipal corporation engaged in the manufacture and production of electrical energy for the purpose of lighting its streets and for municipal purposes, and supplying the inhabitants within its corporate limits with electrical energy. Defendant has an electrical line. running into plaintiff township and is engaged in supplying electrical energy outside the corporate limits of defendant to the inhabitants of plaintiff township. Less than 25 per cent. of the electrical energy from defendant's municipal plant is sold outside the city. Plaintiff taxed the poles and lines of defendant in the township. It is conceded the assessment and taxation is correct unless the property of defendant is exempt from taxation.

In *City of Traverse City* v. *Township of Blair,* 190 Mich. 313 (Ann. Cas. 1918 E, 81), the city acquired from private operators an established hydro-electric plant outside the city. It consisted of real estate and personal property. After its acquisition, the city furnished electrical energy to people and industries within the corporate limits of the city. The township of Blair, in which the hydro-electric plant was located, sought to tax it. This tax was paid under protest, and the city sued to recover it

from the township. This court held this property was not private property, but public property, owned and operated for public benefit, and hence not taxable. That the city of Traverse City sold light and power to private parties did not affect its public or municipal character; the reason for the rule being the Constitution (art. 8, § 23) authorizes the municipality to own property either within or outside its corporate limits to be used to supply customers with electricity and not exceeding 25 per cent. of the output of such municipally-owned plant furnished by it within the corporate limits may be sold outside the city. A municipally-owned plant is a public enterprise; underlying it and ultimately liable to be used for its support is the power of taxation, which power may be exercised only for a public purpose. The court called attention to the statute (1 Comp. Laws 1929, § 3395) exempting lands owned by any county, township, city, village, or school district and buildings thereon used for public purposes, and said:

"The exempting language of the general statutory provision is plain, without distinction as to location, and we find no rule of construction authorizing the court to read into the act any exceptions based on territorial boundaries. As it reads it clearly applies to such public property used for public purposes wheresoever located."

We think this case controlling of the present, and the property in controversy not subject to taxation.

Judgment affirmed, without costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.