Shropshire & Sanders, of Brady, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

■ This is an appeal from an order of the county court of Brown county remanding the relator to the custody of the sheriff of said county. Relator was convicted upon an information charging her with selling whisky in local option territory. The complaint seems to be in due form and the jury, who heard the evidence and received the law from the court in his charge, found her guilty and assessed her punishment at a fine of $100, and judgment was entered accordingly. After the judgment became final, the clerk of said court issued a capias pro fine and placed it in the hands of the sheriff of Brown county, who by virtue of said writ took relator into custody and confined her in the county jail, and from which she is seeking to be released by writ of habeas corpus. This court has consistently followed the rule that when the facts in any case attempted to be brought here on habeas corpus show that the controversy could have been brought here in the regular channels on appeal, the court will decline to dispose of the same by habeas corpus.

■ Therefore the judgment of the trial court remanding relator to the custody of the sheriff until such time as the judgment of conviction shall have been satisfied is in all things affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

E. T. McCain, of Palestine, for appellant.

Clay Cotten and Joe N. Davis, both of Palestine, for appellee.

HALL, Chief Justice.

This suit was brought by the City of Palestine to recover of the Missouri-Pacific Lines Hospital Association taxes alleged to be due for the years 1930 to 1934, inclusive. By stipulation filed, the plaintiff agreed in the event of judgment that the amount should be only $8,710.14—waiving the penalty and interest.

It appears that many years ago the I.-G. N. Railway Company built and maintained a hospital in the City of Palestine for its employees and those who were injured along its line of railway. It was maintained by deducting a certain amount from each employee's wages each month. The original hospital was finally demolished and a new building erected in its place. The new institution was given to the employees and a charter was secured in the name of the International-Great Northern Railway Employees' Hospital, which has since been organized and incorporated as the Missouri-Pacific Lines Hospital Association, Inc. The institution is operated and controlled by a board of trustees, four of whom are officers of the railway company, and eight are the duly elected general chairmen chosen by the representing employees of different labor organizations. The management and control of the hospital is vested in a majority of the board of trustees, save and except the chief surgeon, who is empowered to "hire and fire" all employees coming within the classification of medical, surgical, nursing, kitchen attendants, yard attendants, etc.

The appellee's answer consists of a general demurrer, general denial, and a special defense in substance as follows: Defendant alleges that the lands, premises, and properties described in plaintiff's petition are not subject to, but are expressly exempt from, taxation, and especially from the taxes sought to be recovered herein, under subdivision 7 of Revised Statutes, article 7150; that said premises and properties belong to this defendant and are occupied by it and are not leased or otherwise used with a view to profit; that this defendant is an institution for purely public charity within the meaning of said subdivision 7 of said article 7150, and that all rents, profits, moneys, and credits arising out of use and occupancy of said property are appropriated by this defendant solely to sustain the hospital situated on said property, and for the benefit of the sick and disabled members of defendant and their families, and for the maintenance of persons unable to provide for themselves, whether such persons are members of this defendant or not. Defendant is a corporation created under the laws of the state of Texas, not organized for profit, but for the construction, maintenance, and operation of a hospital for the use and benefit of the members of this defendant, who are the employees of various railroads, including the International-Great Northern Railway Company, operated under the name and style of Missouri-Pacific Lines. The said hospital dispenses its aid to the members of this defendant and others in sickness or distress, or at death, without regard to the poverty or riches of the recipient, and the funds, property, and assets of this defendant are placed and bound by its laws to relieve, aid, and administer in any way (subject to its charter powers), to the relief of its members for any want, sickness, and distress; that said property has been exempt from taxation upon the grounds and upon the reasons above set forth during all of the times mentioned in plaintiff's petition, and plaintiff is therefore not entitled to any recovery herein.

The case was submitted to the court without a jury upon an agreed statement of facts, and resulted in a judgment in favor of defendant.

The charter contains the following recitals, among others:

"Second. The purpose for which this corporation is formed is the support of the benevolent and charitable undertaking in this: To provide medical and surgical treatment and care for the employees of the I.-G.N. Railway and all persons engaged in the operation of the same and its properties, whether or not in the hands of receivers and however owned or operated hereafter, who may be injured or disabled by accident or sickness while in

such employment, to such extent only and under such rules and regulations as may be prescribed from time to time by the trustees, and to furnish such other and additional benefits and privileges to said employees as may from time to time be directed by the Board of Trustees of this Association.

"Sixth. There shall be no capital stock of this corporation, but the necessary funds therefor shall be raised in such manner as may be provided for by the by-laws, and that the business of the Association shall be managed and conducted by its Trustees."

The first proposition is that the court should have rendered judgment for plaintiff because Revised Statutes, Article 7150, subdivision 7 thereof, exempts only institutions of purely public charity, and under the facts in this case the defendant, Missouri-Pacific Lines Hospital Association, Inc., is operated for a class, to wit, sick and injured railroad employees who pay regular dues each and every month, and is an institution that is controlled wholly by railroad corporations.

Article 8, § 2, of the Constitution, provides that the Legislature may by general laws exempt from taxation "institutions of purely public charity."

Revised Statutes, article 7150, which designates what property shall be exempt from taxation, in subdivision 7 thereof, provides: "All buildings belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions not leased or otherwise used with a view to profit, unless such rents and profits and all moneys and credits are appropriated by such institutions solely to sustain such institutions and for the benefit of the sick and disabled members and their families and the burial of the same or for the maintenance of persons when unable to provide for themselves, whether such persons are members of such institutions or not. An institution of purely public charity under this article is one which dispenses its aid to its members and others in sickness or distress, or at death, without regard to poverty or riches of the recipient, also when the funds, property and assets of such institutions are placed and bound by its laws to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members

and to educate and maintain the orphans of its deceased members or other persons."

The appellant's contention is that it cannot be classed a purely public charity because the public was in no way considered in the organization of the hospital, and because only those who are employees of the company, and their dependent families, are entitled to the profits and privileges of said hospital, and it is, therefore, not an institution of purely public charity, but is an institution to be used by a certain class.

In the agreed statement of facts submitted to the trial court is this stipulation: "It is also agreed that the sole question for determination in this case is whether or not the institution owned by the defendant is exempt from taxation by reason of the Constitution and laws of the State of Texas, and further that the property in question has never been exempt by the governing body of the City of Palestine, Texas, from taxation."

The substance of the agreed statement is that the hospital and surrounding premises are owned in fee simple by appellee association, which was incorporated and chartered as a benevolent and charitable undertaking in this: To provide medical and surgical treatment and care of the officers and employees of the International-Great Northern Railway and all persons engaged in the operation of same and its properties. That the hospital was built by the association and has since been occupied, used, and operated exclusively in accordance with the purposes set out in its charter, by-laws, and rules adopted and promulgated by its trustees. That no part of the property, premises, or improvements have ever been leased or otherwise used with a view to profit, except as stated below, and then all the receipts, moneys, and credits arising from such use have been appropriated by the association solely to sustain the hospital for the benefit of the sick and disabled members of the association and their families, and for the maintenance to the extent below mentioned of persons unable to provide for themselves, whether members of said association or not. That the association was not organized and is not and has not been conducted for profit; it has no capital stock, and no private or corporate gain has accrued or can accrue to it, and none has ever been desired or intended. As shown by its charter, by-laws, and rules, the membership

of the association is composed of the employees engaged in operating the International-Great Northern Railway and certain other lines of railroads, and such members pay to the association for its support and maintenance a monthly assessment, the amount of which is determined by the trustees, and the aggregate of such assessments is the principal income of the association, enabling it to conduct its hospital and other medical and surgical services. From time to time emergency cases have been and are being brought to said hospital in physical condition requiring immediate treatment to save life or to prevent further serious physical injury. Regardless of race, creed, financial condition, or any other ground of distinction, no such case has ever been turned away from such hospital, but that all have been received therein and treated and cared for until they could be safely removed therefrom, all of which has caused defendant association substantial expense and loss, approximating $5,000 during the years mentioned in plaintiff's petition. The railroad lines on which the members of the association are employed have, at all times material to this controversy, had an arrangement with the association under which passengers on said lines injured when on the trains or property of said lines, and other persons injured by trains or on the property of said lines, are treated in the hospital of the said defendant at the expense of said lines, respectively. In consideration of the said privilege, said lines not only pay for said hospitalization and treatment as rendered from time to time at rates agreed upon with said defendant association, but also make a contribution to the salary of the chief surgeon of said association. All such receipts are taken into defendant's treasury and used in the conduct of its hospital and other medical and surgical services, and amount in the aggregate to not more than a small per cent. of the total receipts of said association. During all the times mentioned in plaintiff's petition the association, as an accommodation to the City of Palestine and Anderson county, has received and treated in its said hospital at Palestine without charge or consideration, for first aid purposes only, the members of the police and fire departments of said city, and the charity patients of said county. The reasonable value of the first aid treatments so rendered to the policemen and firemen and county charity patients would average approximately $350 a year. The aggregate amounts received by defendant each year for the hospitalization and treatment of the foregoing classes of patients not members of the association were wholly inadequate to support and maintain the hospital and other services rendered, and such services could not have been rendered except through the monthly assessments paid by said members as aforesaid, and receipt of sums from such other sources merely served to avoid the necessity on the part of defendant association of making a slight increase in the amount of assessment levied upon its members. The rendition of services to nonmembers has always been incidental to the main purpose of said association. No part of the property of the association has ever been leased to other parties, but has been exclusively controlled by the association.

Under the material facts which we have outlined, it is our opinion that the defendant is an institution of purely public charity within the meaning of article 8, § 2, of the Texas Constitution, and subdivision 7 of article 7150, R.S., set out above. Santa Rosa Infirmary et al. v. City of San Antonio (Tex.Com.App.) 259 S.W. 926, 935; Fire Ass'n of Philadelphia v. Love, 101 Tex. 376, 108 S.W. 158, 810; Benevolent & P. O. of E. Lodge v. City of Houston (Tex.Civ.App.) 44 S.W.(2d) 488; Masonic Temple Ass'n v. Amarillo Independent School District (Tex.Civ.App.) 14 S.W.(2d) 128.

Justice Greenwood, in the case of City of Houston v. Scottish Rite Benev. Ass'n, 111 Tex. 191, 230 S.W. 978, 981, says that an institution was one of purely public charity where, first, it made no gain or profit; second, it accomplishes ends wholly benevolent; third, it benefits persons indefinite in numbers and personalities by preventing them, through absolute gratuity, from becoming burdens to society or to the state; and made this further observation: "Charity need not be universal to be public."

In Santa Rosa Infirmary v. City of San Antonio, supra, the court said: "While it is stated in City of Houston v. Scottish Rite, etc., Ass'n, supra, that, in order to maintain its status as a purely charitable institution, an organization claiming to be such, and asserting an exemption from taxation, must make no private gain or corporate profit, nothing more

was intended than that no private individual should reap a profit, or where a corporation was the owner that no distributable earnings in the shape of dividends must accrue."

In the case of Benevolent & P. O. of E. Lodge v. City of Houston (Tex.Civ. App.) 44 S.W.(2d) 488, 493, in construing the expression "purely public charity," the court said: "The word 'purely' is intended to modify the word 'charity' and not the word 'public,' so as to require the institution to have a wholly altruistic quality and exclude from it every private or selfish interest or profit or corporate gain. * * * In law, the word 'purely' is used in the sense of and equivalent to 'only,' 'wholly,' 'exclusively,' 'completely,' 'entirely,' and 'unqualifiedly.' "

We think the defendant comes within the statutory definition of a purely public charity as it is defined in R.S., article 7150, subdivision 7 thereof, and also as described and defined by the Supreme Court decisions from which we have quoted.

The judgment is, therefore, affirmed.

