## CITY OF BRYAN v. A. & M. CONSOLIDATED INDEPENDENT SCHOOL DIST.

### No. 2575.

Court of Civil Appeals of Texas. Waco.

March 23, 1944.

Rehearing Denied April 27, 1944.

988

F. L. Henderson, of Bryan, and Davis, Jester, Tyson & Dawson, of Corsicana, for appellant.

Mrs. Ruth Mudgett, of Bryan, and E. S. Pritchard, of Fort Worth, for appellee.

HALE, Justice.

The ultimate issue in this case is whether property belonging to a political subdivision of the State of Texas is legally exempt from taxation under the stipulations of the parties to this suit.

A. & M. Consolidated Independent School District sued the City of Bryan for ad valorem taxes alleged to be due by reason of the latter's ownership of 38½ miles of electric transmission and distribution lines located within the territorial limits of the District. The City answered with a motion to dismiss the suit and with special exceptions, all presenting the contention that its property is exempt from taxation; and, subject thereto, it pleaded fully and in detail its status, powers and immunities as a municipal corporation, the public character and use of its properties, the exemption thereof from taxation and forced sale, and specifically denied the legal authority of the District to levy, assess or collect the claimed taxes. The case was submitted to the court below without a jury on agreed stipulations and resulted in judgment for the District in the sum of $568.49, together with a foreclosure of the asserted tax lien. The City has appealed upon the contention that since it is a subdivision of the State its property is exempt from taxation under the Constitution and Laws of Texas.

It was stipulated by the parties that appellee is authorized by law to levy, assess and collect ad valorem taxes generally within its territorial limits for the purpose of maintaining its schools, that except for the exemption claimed by appellant the asserted taxes were duly levied and assessed in this case, the same have not been paid and therefore, unless the property in controversy is exempt by law from taxation, appellant is liable as adjudged by the trial court. It was further agreed in substance that appellant is now and was at all times material to this suit a municipal corporation, organized and operating under the Home Rule Amendment to the Constitution; that it owned and was duly empowered and authorized under its charter and the statutes of this State to own, operate and maintain an electric light and power plant located within its corporate limits for the benefit of its inhabitants; that it likewise owned and was legally empowered and authorized to own, operate, maintain and extend the rural electric lines in question to their present length of approximately 315 miles; that it used such rural lines in the sale and distribution of electric current to 1,000 or more consumers located within a territory surrounding the City of Bryan in Brazos, Burleson and Robertson Counties; that its electric utility service was and is available to and used by the inhabitants of the City of Bryan and the general public residing in the areas served by its rural lines and that the net revenues derived from the operation thereof had been and are being currently applied to the liquidation of a loan of approximately $250,000 made on the properties by the United States Rural Electrification Administration under a contract dated May 29, 1937.

Art. VIII, Sec. 1 of the Constitution of Texas Vernon's Ann.St. provides that all property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law. Art. VIII, Sec. 2 of the Constitution provides that the Legislature may, by general law, exempt from taxation public property used for public purposes and Art. XI, Sec. 9, thereof provides that property of cities, owned and held only for public purposes, shall be exempt from forced sale and from taxation. Art. 7150, Vernon's Tex.Ann.Civ. Stats., provides that all property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof, shall be exempt from taxation.

■ In applying the foregoing constitutional and statutory provisions, the appellate courts of this State have repeatedly held, and so far as we know without any exception, that property belonging exclusively to a municipal corporation and being lawfully used by it for public purposes is exempt from taxation by any other political subdivision of the State. Galveston Wharf Co. v. City of Galveston, 63 Tex. 14; Corporation of San Felipe De Austin v. State, 111 Tex. 108, 229 S.W. 845; Bexar-Medina-Atascosa Counties Water Improvement District v. State, Tex.Civ. App., 21 S.W.2d 747, error rtfused; City of Dallas v. State, Tex.Civ.App., 28 S.W. 2d 937, error refused; City of Abilene v.

State, Tex.Civ.App., 113 S.W.2d 631, error dismissed; San Antonio Independent School District v. Water Works, Tex.Civ. App., 120 S.W.2d 861, error refused.

██ Under the agreed stipulations of the parties the issue or issues presented for the trial court's decision were restricted to questions of law. The court did not file any legal conclusions and consequently the record does not affirmatively disclose the theory upon which its judgment was based. Appellee contends in its brief, however, that the judgment is correct because appellant was using the electric lines here involved to service various inhabitants beyond its territorial limits in Brazos, Burleson and Robertson Counties for a profit and hence such property was not used for "public purposes" within the meaning of the Constitution. Notwithstanding the able arguments of counsel, we cannot agree with this contention for several reasons.

While it was shown by the stipulated facts that during the four years of its ownership and operation of the lines in question appellant had paid from its operating income the sum of $31,755.20 interest and $42,068.35 principal on the mortgage loan held by the Federal Government, it was also shown that there was an outstanding balance of unpaid principal on the loan at the time of trial in excess of $200,000 and that all operating income over and above current operating expenses had been and was being applied to the liquidation of the indebtedness. If the process of liquidation continues in the future as it has in the past, approximately 20 years will be required to liquidate the loan. Whether or not the lines in question will have any value at that time we do not know. Assuming, however, that when the indebtedness shall have been liquidated the property will still be of value, we do not know what the gross income or expense incident to further operations may then be. But if the gross income should then exceed the operating expense, it is certain that no private individual will lawfully reap any benefit therefrom except in his capacity as a member of the public either as a taxpayer or inhabitant of the City of Bryan, and no distributable earnings in the shape of dividends will accrue from such further operations. Consequently, we do not think it can be said that appellant has been using the lines in controversy for a profit within the purview and meaning of the law as applied to cases of this kind. Santa Rosa

Infirmary v. City of San Antonio, Tex. Com.App., 259 S.W. 926; City of Palestine v. Missouri-Pacific Lines Hospital Ass'n, Tex.Civ.App., 99 S.W.2d 311, error refused; City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872; Trinidad v. Sagrada Orden De Predicadores, 263 U.S. 578, 44 S.Ct. 204, 68 L.Ed. 458.

██ If it should be conceded, however, that such lines were acquired and used by appellant with a view to realizing a prospective profit, we do not think that fact alone would operate to deprive it of the exemption claimed. As said by the Supreme Court in the case of Corporation of San Felipe De Austin v. State, supra, the constitutional test of exemption of public property is not whether the property is used for governmental purposes. Under the authorities which we have cited it seems to be immaterial whether such use arises in the performance of governmental or proprietary functions, so long as such function is being lawfully exercised for a public purpose. It is difficult to perceive how property belonging exclusively to a political subdivision of this State may be lawfully operated by it for any purpose other than public purposes. Since all the rural lines belonged exclusively to appellant, if they were not thereby exempt from taxation solely by virtue of Art. 7150 of Vernon's Tex.Civ.Stats., then under the terms of that general law and in pursuance of the plain provisions of Art. VIII, Sec. 2 of the Constitution they were exempt if lawfully used for public purposes, notwithstanding the fact that the incidental use thereof might result in a substantial profit to the municipality. It was stipulated that the lines were being lawfully used by appellant and we think such use was in legal contemplation necessarily for public purposes. Art. 1108, Vernon's Tex.Civ.Stats.; Goodnight v. City of Wellington, 118 Tex. 207, 13 S.W.2d 353; Housing Authority of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 130 A.L.R. 1053; Arcola Sugar Mills Co. v. Houston Lighting & Power Co., Tex.Civ.App., 153 S.W.2d 628, error refused; State v. City of Beaumont, Tex. Civ.App., 161 S.W.2d 344.

It will be noted that Art. 1108, supra, as amended by an Act of the Legislature which became effective on May 22, 1937, Vernon's Ann.Civ.St. art. 1108, expressly authorizes any town or city in this State which owns or operates water works, sewers, gas or electric lights, to extend

the lines of such systems outside the limits of such towns or cities and to sell water, sewer, gas, and electric light and power privileges or service to any person or corporation outside of the limits of such towns or cities. The emergency clause in this amendatory Act reads as follows: "The fact that towns and cities are now without specific authority to extend the lines of their electric light and power and gas systems outside the limits of such towns and cities, due to an oversight in the passage of Senate Bill No. 365, being Chapter 207, Page 496, the Acts of the Regular Session of the Forty-fourth Legislature, and due to the further fact that certain cities are now desirous of cooperating with the Rural Electrification Administration of the Federal Government in serving rural areas with electrical energy, create an emergency * * *." See H.B. No. 132, Chap. 397, p. 806, Acts of the Regular Session of the 45th Legislature.

Having acquired and used its rural electric lines in accordance with the provisions of the foregoing statute, it follows that appellant was thereby attempting in cooperation with an authorized agency of the Federal Government to perform a public function expressly delegated to it by the State of Texas, even though the parties had not stipulated that such lines were being lawfully used by appellant.

We have found no Texas case among the many decisions on the subject in which recovery for ad valorem taxes levied and assessed by one political subdivision of this State against property belonging exclusively to another such division has been permitted to stand. We believe the time-honored doctrine of intergovernmental immunity from taxation is grounded upon such sound considerations of comity, public convenience and necessity, is so deeply rooted in American jurisprudence generally and is so firmly entrenched in the Constitution, statutes and decisions of this State that our courts should not depart from this ancient landmark except for some cogent and clearly apparent reason. In our opinion the record in this case does not disclose any such reason, either in law or in fact.

Because it conclusively appears that the property in controversy belonged exclusively to appellant at all times material to this suit and was being continuously used by it in the lawful exercise of its proper functions as a political subdivision of the State for public purposes, we are of the opinion that such property was and is exempt from taxation under the Constitution and Laws of Texas. Accordingly, the judgment of the trial court must be and the same is hereby reversed and judgment is here rendered in favor of appellant.

On Appellee's Motion for Rehearing.

In its motion for rehearing appellee directs our attention to the fact that a portion of appellant's rural lines are situated within the corporate limits of the City of College Station and that Sec. 3 of Art. 1108 of Vernon's Tex.Civ.Stats. provides "that no electric lines shall, for the purposes stated in this section, be extended into the corporate limits of another incorporated town or city." Having stipulated that appellant was legally empowered and authorized to own, operate, maintain and extend the lines in question, we doubt whether appellee should now be heard to insist that appellant was not using its lines in accordance with the provisions of the statutes. However that may be, and regardless of whether the lines situated within the corporate limits of the City of College Station may or may not be subject to taxation by the latter City, we do not think the mere fact that a portion of the 315 miles of electric lines was situated within the corporate limits of another incorporated town would warrant the taxation of the entire lines by the several school districts through whose territorial limits the lines were lawfully extended. Geneva Township v. City of South Haven, 261 Mich. 492, 246 N.W. 196; Chadwick v. City of Crawfordsville, 216 Ind. 399, 24 N.E.2d 937, 129 A.L.R. 469; State ex rel. Becker v. Smith, 144 Kan. 570, 61 P.2d 897, 898.

The facts in the foregoing cases are closely analogous to those here involved. In disposing of the last cited case the Supreme Court of Kansas so aptly expressed our conclusions with respect to the case now before us that we quote from the same as follows: "The contention of the plaintiff comes down to this: When a city extends its electric power and light plant beyond its corporate limits to compete for business with privately owned utilities engaged in supplying similar services to the public, the city should pay taxes as its competitors have to do. Counsel for the state can have no debate with this court on this proposition. Our concern is not with what ought to be the law, but with what is the

existing law on this subject. The constitutional and statutory exemptions from taxation of all municipally owned property are clear and unequivocal. To write into these exemptions an exception as to all municipal property owned and used by a city in its proprietary capacity so as to subject that property to taxation would be a complete departure from the judicial function of interpreting and applying existing law to pending litigation, and a usurpation of the functions of the Legislature, which has exclusive power over the subject of taxation."

Appellee's motion for rehearing is accordingly overruled.