

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 25, 1957

Hon. Jack Q. Neal　　　　　　　　Opinion No. WW-74
County Attorney
Young County　　　　　　　　　　Re: Whether or not the royalty inter-
Graham, Texas　　　　　　　　　　　　est and fee interest conveyed in
　　　　　　　　　　　　　　　　　　　trust to the First National Bank
　　　　　　　　　　　　　　　　　　　of Longview for the use and bene-
　　　　　　　　　　　　　　　　　　　of the Roy H. Laird Memorial
　　　　　　　　　　　　　　　　　　　Hospital owned by the City of
　　　　　　　　　　　　　　　　　　　Kilgore would be exempt from
Dear Mr. Neal:　　　　　　　　　　　taxation.

　　　　You request the opinion of this office upon the following
question presented in your letter:

　　　　　　"Annie B. Laird bequeathed to the First National
　　　Bank of Longview, Texas, as trustee for the Roy H.
　　　Laird Memorial Hospital, at Kilgore, Texas, certain
　　　oil and gas interest in Young County, Texas, and the
　　　Roy H. Laird Memorial Hospital in Kilgore is owned
　　　and operated by the City of Kilgore, Texas.

　　　　　　"Mrs. Laird, at her death, owned a one-fourth
　　　in fee of a 163 acre tract, a 367 acre tract and 292.6
　　　tract and royalty interest of different percentage in
　　　a number of tracts situated in Young County, Texas.
　　　I am familiar with the fact that the city-owned hospi-
　　　tal would be exempt from taxation but my question is
　　　whether or not the royalty interest and fee interest
　　　conveyed in trust to the bank for the use and benefit
　　　of the Roy H. Laird Memorial Hospital owned by the
　　　City of Kilgore, Texas, would come under this
　　　exemption. ..."

　　　　With your letter you submit a copy of the will of Annie B.
Laird. This will is the source of the title to the property in question,
which consists of certain fee and mineral interests in land owned by
Annie B. Laird. The will bequeaths to the First National Bank of
Longview, Texas, as trustee, property in trust for the Laird Memorial
Hospital owned by the City of Kilgore, a municipal corporation.

　　　　The City of Kilgore, a municipal corporation, is owner and
operator of the hospital. The property in question is exempt from
taxation under the Constitution and statutes of this State, unless the
fact that it is willed to the bank as trustee for the hospital, with the

qualification that only the income is to be paid to the hospital removes exemption. We have concluded that this qualification does not have that effect. The trustee can make no private use of the property, now or ever, be it corpus or income. The trustee must hold it and pay the income annually to the hospital, which is municipally owned. Unqualified fee ownership in a municipality is not a condition precedent to the exemption. San Antonio Independent School District v. Water Works Board, 120 S.W.2d, 861 (Court of Civil Appeals, 1937, writ ref.)

Section 1 of Article VIII of the Constitution provides, in part, as follows:

"All property in this State. . . other than municipal, shall be taxed. ..."

Section 2 of Article VIII of the Constitution also provides, in part, as follows:

". . . but the legislature may, by general laws, exempt from taxation public property used for public purposes; . . ."

Section 9 of Article XI of the Constitution, after enumerating certain properties of cities and towns exempt from taxation, such as public buildings, etc., contains the following:

". . . and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation, . . ."

Pursuant to this authority, the Legislature enacted Article 7150, Vernon's Civil Statutes, which is in part as follows:

"The following property shall be exempt from taxation, to wit:

"(4) All property, whether real or personal, belonging exclusively to . . . any political subdivision . . ."

The following cases, in principle, support the exemption of this property from taxation: Corporation of San Felipe de Austin v. State, 111 T. 108, 229 S.W. 845 (1921); State v. City of Houston, 140 S.W.2d 277 (C.C.A. 1940, error ref.); City of Sherman v. Williams, 84 T. 421, 19 S.W. 606, (1892); City of Abilene v. State, 113 S.W.2d 631 (C.C.A. 1938); State v. Taylor, 72 T. 297, 12 S.W. 176 (1888); A. & M. Con. Ind. Sch. Dist. v. City of Bryan, 143 Tex. 384, 184 S.W.2d 914 (1945), affg. 179 S.W.2d 987 (C.C.A.)

### SUMMARY

Real property, whether fee or a mineral interest willed to a bank, as trustee, for the use and benefit of a hospital owned by a municipality, is exempt from taxation under the Constitution and statutes of this State; and the fact that the trustee is directed to pay annually only the income from the property to the hospital does not destroy the exemption, since the municipality is, in fact, the beneficial owner of the interest in the property, both corpus and income.

Yours very truly,

WILL WILSON
Attorney General

By L. P. Lollar
Assistant

LPL:cs

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman