A. & M. CONSOLIDATED INDEPENDENT SCHOOL DISTRICT
v. CITY OF BRYAN, TEXAS.

No. A-201. Decided January 17, 1945.
Rehearing overruled February 14, 1945.
(184 S. W., 2d Series, 914.)

*R. Mudgett,* of Bryan, *Ed. S. Pritchard* and *Wm. Pannill,* both of Fort Worth, for petitioners.

It was error for the Court of Civil Appeals to reverse the judgment in this cause for the petitioners for taxes, interest

and for foreclosure of petitioner's lien on certain property belonging to the respondent city and situated within the boundaries of said district, and in rendering judgment for the respondent city, and in adjudging that the district take nothing by its suit, all on the grounds that the said property of the said city was public property and exempt from taxation. City of Mattoon v. Graham, 386 Ill. 180, 53 N. E. (2d) 955; Wiseman v. Madison Cadillac Co., 88 S. W. (2d) 1007; B. & P. O. E. v. Houston, 44 S. W. (2d) 488; McCallum v. Associated Retail Credit Men, 41 S. W. (2d) 45.

*F. L. Henderson,* of Bryan, *Davis, Jester, Tyson & Dawson,* and *T. L. Tyson,* all of Corsicana, for respondent.

MR. CHIEF ALEXANDER delivered the opinion of the Court.

This suit was brought by A. & M. Consolidated Independent School District against the City of Bryan to recover ad valorem taxes on rural electrification lines owned by the City of Bryan and extending through the School District. The judgment of the trial court in favor of the plaintiff was reversed by the Court of Civil Appeals, and judgment there rendered for the City of Bryan. 179 S. W. (2d) 987. This Court granted a writ of error because of the importance of the question.

The City of Bryan is a home rule city. It owns and operates a rural electrification system, with approximately 315 miles of lines, and supplies electrical energy and lights to the inhabitants of the City of Bryan and the surrounding rural territory and at least one nearby incorporated city, and charges for the services so rendered. 35 miles of the lines are situated within the City of Bryan, and 280 miles thereof extend through the rural territory of Brazos, Burleson, and Robertson Counties outside of the City of Bryan. 38 1/2 miles of these lines are within the boundaries of the plaintiff School District, which District lies wholly outside of the City of Bryan. The revenues received from the operation of said rural electrification lines are used to maintain and operate same, and to retire the obligation of the United States Rural Electrification Administration incurred in the construction of the system.

The question to be determined is whether the rural electrification lines located within the School District are subject to taxation by such District. The pertinent provisions of our Constitution are as follows:

"ARTICLE VIII. Sec. 2. All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; but the legislature may, by general laws, exempt from taxation public property used for public purposes; * * *."

"ARTICLE XI. Sec. 9. The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor. Fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation, provided, nothing herein shall prevent the enforcement of the vendors lien, the mechanics or builders lien, or other liens now existing."

It is apparent from the above provisions of our Constitution that some public property is absolutely exempted from taxation by virtue of the provisions of the Constitution, whereas other public property is not absolutely exempted, but may be so exempted if the Legislature so elects. Section 9 of Article XI appears to be self-operative and absolutely exempts from taxation the public property therein referred to, whereas Section 2 of Article VIII vests in the Legislature the power to determine whether or not the public property therein referred to shall be exempted from taxation. Daugherty v. Thompson, 71 Texas 192, 199, 9 S. W. 99; Galveston Wharf Co. v. The City of Galveston, 63 Texas 14. See also City of Abilene v. State, (Civ. App.), 113 S. W. (2d) 631, par. 7.

We need not here determine to which of these classes the property here involved belongs, for the Legislature by the provisions of Revised Statutes, Article 7150, has exercised the authority so vested in it, and has exempted from taxation all public property used for public purposes. That Article provides in part as follows:

"Art. 7150. The following property shall be exempt from taxation, to-wit:

* * * * *

"4. Public property.—All property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof, or the United States, * * *."

The only question which we here need to determine is whether the rural electrification lines in question constitute public prop-

erty used for public purposes within the meaning of either of the above provisions of our Constitution.

■ The property in question is owned by the City of Bryan, a municipal corporation, and is therefore public property. Is it used for public purposes? In determining whether or not public property is used for a public purpose the test appears to be whether it is used primarily for the health, comfort, and welfare of the public. Commonwealth v. City of Covington, 128 Ky. 36, 107 S. W. 231; 14 L. R. A. (N. S.) 1214 Galveston Wharf Co. v. City of Galveston, 63 Texas 14. It is not essential that it be used for governmental purposes. Corporation of San Felipe de Austin v. State, 111 Texas 108, 229 S. W. 845. It is sufficient if it be property which all of the public has a right to use under proper regulations. Galveston Wharf Co. v. City of Galveston, 63 Texas 14, 23. The fact that charges are made or compensation is received for its use does not withdraw it from its public character, provided such charges are in incident to its use by the public and the proceeds received for its use inure to the benefit of the political subdivision. Galveston Wharf Co. v. City of Galveston, supra; 61 C. J. 421.

The property in question appears to be used for a public purpose. It is used primarily for the comfort and welfare of the people, and all the public has the right to use it under reasonable and uniform regulations. The proceeds received for its use by the public go into the public treasury and are available for use only by the political subdivision for public purposes. We therefore hold that the property is "public property used for public purposes," and is exempt from taxation under the Constitution and statutes of this State. City of Hope 166 Ark. 236, 266 S. W. 68; Bexar-Medina-Atascosa Counties Water Improvement Dist. v. State, 21 S. W. (2d) 747 (writ refused) ; City of Dallas v. State, 28 S. W. (2d) 937 (writ refused) ; San Antonio Independent School District v. Water Works Board of Trustees, 120 S. W. (2d) 861; 61 C. J. 430 to 422; 40 Tex. Jur. 112.

■ The plaintiff does not contend that the right to the exemption should be denied because the property is located outside the boundaries of the municipality claiming the exemption but it does contend that in order to be entitled to the exemption the property must be devoted primarily to serving the inhabitants of such municipality; and since the property here involved is devoted evclusively to serving those who reside outside the limits of the city the exemption should not be allowed. We are not in accord with this view. The City of Bryan was expressly authorized to construct and operate electric lighting plants inside or outside its

boundaries and to sell and deliver current to persons or corporations outside the limits of such city. Revised Statutes, Art. 1175, sec. 13, and Art. 1108. (It is true that Section 3 of Article 1108 forbids the extension of electric light lines of one municipal corporation into the corporate limits of another incorporated city or town, but the effect of this restriction is not here involved. The A. & M. Consolidated Independent School District is not an incorporated city or town. Moreover, it is stipulated that the City of Bryan was lawfully authorized to extend and operate its lines through the School District.) The Constitution authorizes the exemption of the property if it is "used for public purposes, and does not restrict the right to property so used by the inhabitants of the political subdivision owning the property. The language here under consideration was used in the Constitution of the State and must refer to property used for the health, comfort, or welfare of the public generally, and without restriction to the inhabitants of any particular locality. Presumably the framers of the Constitution were interested in the welfare of all of the people of the State wherever they lived and intended to authorize the exemption from taxation of all public property wherever situated within the State if it was used for the welfare of the public anywhere within the State. In our opinion the particular location of the property within the State has nothing to do with the right to the exemption, nor does the right to the exemption depend on the residence of those of the public who enjoy the use thereof. It is the fact that the property is owned by the public and is used for the welfare of the public of some portion of the State that entitles it to the exemption.

In the case of People v. Assessors of Brooklyn, 111 N. Y. 505, 19 N. E. 90, 2 L. R. A. 148, the New York Court of Appeals had before it a case involving the same question as is here involved. In that case a lot situated wholly within the city of Brooklyn was owned by the city of New York and used by the latter as a landing for a ferry, which ferry was owned by the city of New York and operated by it between Brooklyn and New York City. The city of Brooklyn attempted to levy a tax on the lot. The court held that the lot was public property used by the public and subject to exemption by the Legislature of that state.

The plaintiff relies on the following cases in support of its contention: Mayor and Aldermen of City of Knoxville v. Park City, 130 Tenn. 626, 172 S. W. 286, L. R. A. 1915D, 1103; Warwick County v. City of Newport News, 153 Va. 789, 151 S. E. 417; and Styles v. Newport, 76 Vt. 154, 56 Atl. 662. We have

carefully considered the above cases. It is sufficient to say that in Mayor and Aldermen of City of Knoxville v. Park City and Warwick County v. City of Newport News, the constitutional exemptions there involved authorized the exemption only in the event the property was used for municipal or corporate purposes, and it was held that in order to meet this test the property had to be used for the benefit of the inhabitants of the municipality claiming the exemption. The opinion in the case of Styles v. Newport appears to be grounded on the proposition that the city owning the property had no authority to extend its lines into the adjoining municipality, and therefore the operation of the property was beyond its corporate authority. Neither of these cases is applicable.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 17, 1945.

Rehearing overruled February 14, 1945.