

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 29, 1951

Hon. H. A. Triesch
County Attorney
Comal County
New Braunfels, Texas

Dear Sir:

Opinion No. V-1161

Re: Exemption from ad valorem
taxes of Comal Plant, various
properties used in connection
therewith, and Kuehler Power
Station Site, all owned by City
of San Antonio.

We quote the following excerpt from your letter of February 1, 1951:

"On October 24, 1942, the City of San Antonio
acquired all of the electric power plants and facilities
theretofore operated by the San Antonio Public Service
Company, except the local distribution systems located
within the corporate limits of other incorporated towns
and cities. Among the properties so acquired was the
electric generating plant in the City of New Braunfels,
commonly known as the Comal Plant, various tracts of
land, electric transmission lines, transformers, ease-
ments, and other property used in connection therewith,
all of which is situated in Comal County, Texas. A
forty-seven acre tract abutting on the Guadalupe River
known as the Kuehler Power Station Site was included
in the property that was acquired in the sale.

"At the time of the acquisition of these properties
by the City of San Antonio it leased all of the properties
in Comal County with the exception of three transmis-
sion lines to the Guadalupe-Blanco River Authority which
lease is non-assignable except with the consent of the
city, but the lease does provide that it might be assigned
to the Lower Colorado River Authority. This lease has
been assigned by the G. B. R. A. to the L. C. R. A. and
the L. C. R. A. is now operating these properties.

"The history of the transactions by which these
properties were acquired by the city of San Antonio is
fully set forth in the opinion of Guadalupe-Blanco River
Authority vs. City of San Antonio, 200 S.W. (2nd) 989.

Hon. H. A. Triesch, Page 2 (V-1161)

"All of the properties with the exception of the
three transmission lines are now operated by the L. C.
R. A. under the lease agreement and all of the proper-
ties so operated by the L. C. R. A. with the exception
of the Kuehler Power Station Site constitute an integral
part of the system.

"Among the many provisions of the lease agree-
ment, we find the following:

"ARTICLE V, Section 1: 'The Authority agrees
to supply and the City agrees to take and pay for all of
the power and energy requirements of the City up to a
maximum requirement of 66,000 kilowatts over and
above that supplied by its Station "B", and such addi-
tional power and energy as the City may require and
the Authority may have available.'

"ARTICLE V, Section 21: 'If for any cause what-
soever, the Authority shall, at any time, be unable to
supply the power and energy requirements of all of its
customers, including the City, the City is to be entitled
to receive, to the extent of its requirements, as speci-
fied in this Article V, the entire output of the Comal
Plant not in excess of 66,000 kilowatts, and failure of
the Authority to make available to the City such output
shall constitute a default within the meaning of Section
1 of Article VI hereof.'

"ARTICLE VI, Section 1; 'Section 1. The city
shall have the right to re-enter and take possession of
any of the property described in "Exhibit A" attached
to this Agreement and occupied and used by the Author-
ity (which has not then been purchased by and conveyed
to the Authority), upon the happening of any of the fol-
lowing events: * * *

" '(b) If during the term of this contract the Au-
thority, except for causes set out in Section 3 of Arti-
cle VIII of this contract, fails or refuses to deliver to
the City electric power and energy as provided in Arti-
cle V hereof.'

"The legality of the lease agreement between the
City of San Antonio and the G. B. R. A. has been adju-
dicated and was upheld as a valid lease in Guadalupe-
Blanco River Authority vs. City of San Antonio, 200 S.W.
(2nd) 989. The right of ownership to the plant has also
been adjudicated in the case of City of New Braunfels

vs. City of San Antonio, 212 S. W. (2nd) 817, ref. n.r.e.

"The assessor and collector of taxes has been listing and assessing this property on his roll ever since the acquisition of the plant by the City of San Antonio and has been instructed by the Comptroller to continue listing and assessing the same even though the City of San Antonio refuses to list it because of their claim of exemption.

"I am submitting the following three questions with the request that you be kind enough to give us your opinion thereon.

"(1) Are the electrical generating plant, the lands on which the same is situated, easements, transmission lines, transformers and other facilities used in connection with the operation of said plant subject to taxation?

"(2) Is the forty-seven acre tract (Kuehler Power Station Site) subject to taxation?

"(3) If any part of the property is exempt from taxation, should the properties so exempt be listed and rendered by the assessor in accordance with the provisions of Article 7192 and Article 7193, R. C. S.?"

The various properties covered by your first question are public properties held for public purposes and are clearly exempt from taxation. Tex. Const. Art. XI, Sec. 9; City of New Braunfels v. City of San Antonio, 212 S.W.2d 817, 825 (Tex. Civ. App. 1948, error ref. n.r.e.); A. & M. Consolidated Independent School Dist. v. City of Bryan, 143 Tex. 348, 184 S.W.2d 914 (1945); Lower Colorado River Authority v. Chemical Bank & Trust Co., 144 Tex. 326, 190 S.W.2d 48 (1945).

In your letter requesting our opinion, you state the following facts relating to the Kuehler Power Station Site:

" . . . it should be observed that the 47-acre tract is not presently used in the operation of the plant. None of the facilities of the plant are situated thereon. The same in fact, constitutes a small park that is being maintained and used by the employees of the L. C. R. A. which Authority has charge of the property under the lease. Various local organizations are accorded the right to use it upon request and with permission of the Authority. The property was originally acquired by the San Antonio Public Service Company for a power station site but the

same was abandoned after purchasing the present
Comal Plant site. While in the hands of the Public
Service Company the same was used for Boy Scout
purposes which use has been discontinued since the
acquisition of the property by the City of San Antonio."

The fact that the Kuehler Power State site is not
presently used in connection with the operation of the Comal Plant
does not make the property subject to taxation. At the time the
City of San Antonio acquired the properties of the San Antonio Pub-
lic Service Company, the City issued and sold revenue bonds in the
sum of approximately $34,000,000.00 and used the funds to purchase
the outstanding stock of the Public Service Company. The Trustees
in Dissolution of the S.A.P.S. Company conveyed all of the assets
of the Company to the City. These facts just summarized are given
in Guadalupe-Blanco River Authority v. City of San Antonio, 145
Tex. 611, 200 S.W.2d 989 (1947). The property which was purchased
with money from a special fund, the $34,000,000.00 bond issue, in
excess of the portion required for actual operation of the electric
power system is a part of the special fund and is therefore held by the
City of San Antonio for a public purpose and is exempt from taxation.
State v. City of Houston, 140 S.W.2d 277 (Tex. Civ. App. 1940, error
ref.).

The answer to your third question is, as stated in your
brief, that the Assessor and Collector of Taxes is without authority
to list and assess the exempt properties for taxation. Article 7145,
V.C.S.

## SUMMARY

The Comal electric generating plant, various
tracts of land, electric transmission lines, trans-
formers, easements, and other property used in con-
nection therewith, owned by the City of San Antonio
and operated by the Lower Colorado River Authority
as assignee under a lease agreement with the City is
public property held for public purposes and is exempt
from taxation. Tex. Const. Art. XI, Sec. 9; City of New
Braunfels v. City of San Antonio, 212 S.W.2d 817, 825
(Tex. Civ. App. 1948, error ref. n.r.e.); A. & M. Con-
solidated Ind. School District v. City of Bryan, 143 Tex.
348, 184 S.W.2d 914 (1945); Lower Colorado River Au-
thority v. Chemical Bank & Trust Co., 144 Tex. 326,
190 S.W.2d 48 (1945). The Kuehler Power Station site
was acquired by the City of San Antonio for public pur-
poses and is still held by the city as a part of the fund
created by the sale of revenue bonds. Such site is there-
fore exempt from taxation even though it is not presently

used in connection with the operation of the Comal plant. State v. City of Houston, 140 S.W.2d 277 (Tex. Civ. App. 1940, error ref.). The Assessor and Collector of Taxes has no authority to list and assess exempt properties for taxation. Art. 7145, V.C.S.

Yours very truly,

PRICE DANIEL
Attorney General

By Marietta McGregor Creel
Mrs. Marietta McGregor Creel
Assistant

APPROVED:

W. V. Geppert
Taxation Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

MMC/mwb