**STATE et al.**

v.

**UNIVERSITY OF HOUSTON et al.**

No. 12647.

Court of Civil Appeals of Texas. Galveston.

Jan. 14, 1954.

Rehearing Denied Feb. 4, 1954.

E. G. Aycock, Fort Worth, and Arthur H. Van Slyke, County Atty., Richmond, for appellants.

Bates & Cartwright, Reagan Cartwright, Houston, for appellees.

GRAVES, Justice.

The parties agree that this statement of the nature and result below in this cause is correct:

"This is a so-called 'tax suit', instituted by the State of Texas, for itself, in behalf of Fort Bend County, and for the use and benefit of Fort Bend County Common School Districts Nos. 2 and 8, Lamar Independent School District, Fort Bend County Road District No. 4, and Fort Bend County Drainage District, the latter agencies of government being political subdivisions of said Fort Bend County, taxes for which are assessed and collected by the Tax Assessor Collector of that County, to recover delinquent ad valorem taxes, penalties, interests, and costs, alleged by the Plaintiff to be due on and against certain producing mineral interests in land, described in its Petition, to Plaintiff, and such other agencies of government, for the years 1946 to 1950, inclusive, in the aggregate sum of Seventeen Thousand One Hundred Ninety Nine and 37/100 ($17,199.37) Dollars.

"Lamar Independent School District, one of the 'use' Plaintiffs, filed its Petition in Intervention, in which it sought to collect alleged delinquent ad valorem taxes, penalties, interest, and costs, due the School District on the same property for the years 1948 to 1950, inclusive (during which years its taxes were assessed and collected by its own Tax Assessor Collector), in the ag-

gregate sum of Eleven Thousand One Hundred One and 80/100 ($11,101.80) Dollars.

"The University of Houston, in its First Amended Answer, asserted, among other defenses, by way of Plea in Abatement, the defense of exemption from all taxation of the producing properties, which are the subject of this suit.

"In such plea, Appellee contended that the properties in question were 'public properties, held for a public purpose,' under the Constitution and laws of the State of Texas, and that they are beyond the power of appellants to assess for taxes, under the general Legislative grant of power so to do.

"At the conclusion of the hearing on the Plea in Abatement, the Trial Judge sustained the Plea, and ordered that the suits of Plaintiff, the State of Texas, for itself and in behalf of the above named use Plaintiffs, and the Intervener, Lamar Consolidated Independent School District, be dismissed, and taxed all costs against Plaintiff and Intervener.

"The Court further (decreed) * * * that (the) * * * taxes sought to be recovered by Plaintiff and Intervener and the liens securing the same, were void, and * * * cancelled, and removed the same as a cloud upon the properties described in the Judgment: directing the Tax Assessor Collector of Plaintiff, each use Plaintiff, and the Lamar Consolidated Independent School District, to forthwith remove (such) * * * properties from the several tax rolls of such parties."

This Court, following its consideration of the briefs, together with oral arguments presented by both sides in support thereof, is constrained to hold that the trial court's judgment was correct, and should be affirmed.

Since its jurisdiction is intermediate only, it realizes that the final authority of the Supreme Court alone can settle so public and closely contested a controversy. Wherefore, no effort will be made here to review in detail the holdings of the courts cited in such copious numbers by the parties in their briefs, nor to differentiate between them further than to point out that, in this Court's opinion, the trial court's judgment is supported by our constitutional provisions, the statutory enactments down under them, and a line of decisions of our courts constituting a line of continuity of decision, which supports it.

It is held, as the appellee herein urges and as the trial court determined, that the property in this proceeding is public property of the State of Texas, and is held by the appellee as an agency of the State, and is used solely for the benefit of the public; wherefore, it is exempt from taxation by the State as being private property devoted to the private benefit of the University of Houston, hence taxable against it as such a private holder. This conclusion is primarily deduced from two Articles of the Constitution of Texas, Vernon's Ann.St., both deemed relevant to the characterization so made of the appellee, University of Houston, to wit: art. VIII, Sec. 2, and art. XI, Sec. 9, under which, in turn, R.S. Articles 2815k and 7150, Sec. 4, Vernon's Ann.Civ.St. arts. 2815k, 7150, subd. 4, properly deduce the exemption from taxation so held to have enured to the benefit of the appellee.

There can be no doubt, under the full statements of fact and procedure appearing in this record that the appellee, University of Houston, and its subsidiaries fully and closely complied with the necessary procedure pursuant to both the stated constitutional and statutory proceedings to entitle them to the privileges enuring to them thereunder; for that reason,—otherwise than as to its claim for error in the trial court's taxing costs against it, there is no merit in appellant's contention that there is no authority for the exemption of the property here involved from taxation under either of the cited statutory or constitutional provisions.

Indeed, appellant appears to concede that the appellee, "in its beginnings, was essentially a publicly owned and operated institution of learning, subject to the application of the general laws exempting its school-

plant from the burden of taxation; * * * It is clear, however, that when appellee entered the envied and fortunate position of becoming an endowed institution of learning, it became subject to the responsibilities and liabilities which go with ownership of its very desirable and valuable income-producing properties, as well as the recipient of all the benefits accruing to it from such income." Appellant thereupon, at much length, and with much force, pursues its argument that cited Sec. 2, art. VIII, of the Constitution, does not support the trial court's contrary holding, as recited supra. There can be no doubt, it is thought, that the appellee, University of Houston, is a State institution, or an agency of the State of Texas, being in effect a public property of the State of Texas as a part of its public school system—indeed, nothing more than an overgrown high school of the City of Houston—from which it is uncontroverted that the property is devoted exclusively to the use and benefit of the public, wherefore, the trial court committed no error in holding that it is exempt as such from taxation by virtue of the Constitution, the Statutes, and the holdings of our courts, which may be thus again cited. Love v. City of Dallas, 120 Tex. 351, 40 S.W.2d 20; Braun v. Trustees of Victoria Ind. School Dist., Tex.Civ.App., 114 S.W.2d 947, writ refused; Southwestern Broadcasting Co., v. Oil Center Broadcasting Co., Tex.Civ. App., 210 S.W.2d 230, ref. n. r. e.; Lower Colorado River Authority v. Chemical Bank & Trust Co., 144 Tex. 326, 190 S.W. 2d 48; A & M Consolidated Ind. School Dist. v. City of Bryan, 143 Tex. 348, 184 S.W.2d 914; State Highway Commission v. Harris County Flood Control District, Tex.Civ.App., 247 S.W.2d 135, ref. n. r. e.; Big Lake Oil Co. v. Reagan County, Tex. Civ.App., 217 S.W.2d 171, writ refused; and Group No. 1 Oil Corporation v. Sheppard, Comptroller, Tex.Civ.App., 89 S.W.2d 1021, writ refused.

■ It is held that the court's action, in taxing the costs against the appellant, was error, under the recent holding of the Texarkana Court of Civil Appeals, in Whelan v. State, 254 S.W.2d 558, which holds that it was, as a Court of Civil Appeals, without legal authority to tax the costs against either party to the appeals before it.

These conclusions require an affirmance of the judgment, except as to the trial court's adjudication of costs against the plaintiffs, and in this respect the judgment of the court below is reversed.

Affirmed in part and in part reversed.