

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11. TEXAS

WILL WILSON
ATTORNEY GENERAL

October 17, 1957

Hon. William J. Gillespie                    Opinion No. WW-281
County Attorney
Lubbock County                               Re: Taxability of City
Lubbock, Texas                                   property under lease
                                                 to private industry.

Dear Mr. Gillespie:

        In connection with your letter requesting our opinion rela-
tive to the captioned matter, you submit the following factual
situation:

        "The City of Lubbock holds title to a certain
    tract of real property in Lubbock County which is
    dedicated to use as the Lubbock Municipal Airport.
    Such property, being used for public purposes in the
    past has been exempt from taxation under the express
    provisions of R.S. Art. 7150.

        "On September 15, 1955, the City, through its
    director of Aviation entered into a lease of a por-
    tion of the airport property to the West Texas Compress
    and Warehouse Company, a Texas Corporation domiciled
    in Lubbock, hereinafter called lessee.

        "The lessee is to use the land for warehouse
    purposes, and the Airport Board has determined that
    it is in the public interest that the lessee have
    such privilege.

        "The lease is for a term of five years begin-
    ning October 1, 1955, and ending September 30, 1960,
    with the lessee to pay $1,100 a year to the City
    during that period. The lessee is also to erect five
    metal clad warehouse buildings on the site, which
    buildings shall become the property of the City by
    September 30, 1960, the City being conveyed a 1/60 in-
    terest in each of said buildings each month during
    the first five years of the lease. The lessee is
    further given an option for three consecutive five-
    year extensions, with a different yearly rental being
    due during each of those extensions.

"It was further agreed that should the contract lease be abandoned or breached before the initial five-year term was up, the City would have an option to purchase lessee's remaining interest in the buildings. If the City did not desire to exercise its option, then the lessee had the option to purchase the City's accrued interest, and upon payment the lessee could remove the buildings. The further terms of the lease appear in the copy of the lease attached hereto."

Specifically, you submit the following questions:

"(1) Has the land, by virtue of the change in the character of its use, lost its tax exemption?

"(2) Regardless of the tax consequences to the City, does the lessee's leasehold interest constitute a separate taxable interest?

"(3) Does the lessee's diminishing interest in the buildings constitute a taxable interest to him?"

You state that the property in question "is dedicated to use as the Lubbock Municipal Airport." You also state, ". . .the property as a whole was acquired for the purpose of serving as an airfield. A great portion of that property has been utilized for that purpose, but the remaining tract (the property in question) has been turned over to private enterprise for a period of possibly 20 years."

The operation of an Airport by a city constitutes a public purpose. If the land in question is being held by the City for a future expansion of the airport, it is tax exempt unless and until the city has abandoned its intention to use the property in the future for a public purpose. City of Abilene v. State, 113 S.W. 2d 633 (Tex. Civ. App.); and City of Dallas v. State, 28 S.W. 2d 937 (writ refused).

Sec. 2, Art. VIII, of the Texas Constitution provides in part:

"but the legislature may, by general laws, exempt from taxation public property used for public purposes."

Sec. 9, Art. XI, of the Constitution of Texas, provides in part:

"The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor, fire engines and the furniture thereof, and all property used, or intended for extinquishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation, ***."

Article 7150, V.C.S. provides that the following property is exempt from taxation:

" . . .

"Sec. 4. All property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof, ***."

You will note that Sec. 4, of Article 7150, supra, purports to exempt all property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof and does not contain the restriction that such property to be exempt must be used for public purposes. Counties and cities are political subdivisions of the State. However, Sec. 2 of Art. VIII, supra, of the Constitution only gives the Legislature the authority to exempt such property when used for public purposes. Therefore Sec. 4 is inoperative insofar as it purports to exempt public property regardless of its use in violation of said Sec. 2, Art. VIII of the Constitution, but is valid insofar as it exempts public property used for public purposes. City of Abilene v. State, 113 S.W. 2d 631.

Sec. 4a of said Article 7150 (not listed above) which requires power districts such as the Lower Colorado River Authority to pay certain amounts in lieu of taxes is unconstitutional. Lower Colorado River Authority v. Chemical Bank and Trust Co., 190 S.W. 2d 48.

The Court held power districts to be political subdivisions of the State and as the property was devoted to a public use it was exempt from taxation under Sec. 9 of Art. XI of the Constitution, supra.

County and city property if actually held for a future public use is exempt although temporarily rented or leased. State v. City of Houston, 140 S.W. 2d 277. County and city property if used or held for public purposes is exempt, although not owned or held exclusively for such purpose. State v. City of Beaumont, 161 S.W. 2d 344.

The Test for determining whether "public property" is tax exempt is whether it is used primarily for the health, comfort or welfare of the public. To be used for public purposes it is not essential that it be used for governmental purposes. A. & M. Consol. Ind. Sch. Dist. v. City of Bryan, 184 S.W. 2d 914. That charges are made for use of public property does not withdraw it from its public character, if such charges are an incident to its use by the public and the proceeds inure to the benefit of the political sub-divisions. Id.

Land acquired by a city for a public purpose, such as a site for a water reservoir, is tax exempt, although the city temporarily leases same for agricultural or other purposes, if the city has not abandoned its intention to build such reservoir. City of Dallas v. State, 28 S.W. 2d 937.

You are therefore advised that if the City is holding the property in question for a future expansion of the airport, or for other public purpose that it is tax exempt to the City.

Article 7173, Vernon's Civil Statutues provides:

"Property held under a lease for a term of three years or more, or held under a contract for the purchase thereof, belonging to this State, or that is exempt by law from taxation in the hands of the owner thereof, shall be considered for all the purposes of taxation, as the property of the person so holding the same, except as otherwise specifically provided by law."

Article 7174, Vernon's Civil Statutues provides:

"Taxable leasehold estates shall be valued at such a price as they would bring at a fair vol- untary sale for cash."

The Supreme Court of Texas in Tramwell v. Faught, Tax Collector, 74 Tex. 557, 12 S.W. 317, held that the taxable value of real property, taxable by virtue of Article 7173, supra, was the value of the leasehold estate and not the value of the fee. We answer your second question in the affirmative.

In reference to your third question it appears that on January 1, 1958, the City will own an undivided 3/60 of the improvements. This 3/60 interest will constitute a part of the leased premises and the value of same should be considered in arriving at the assessable value of the leasehold estate. On each succeeding January 1st, the City will own 12/60 additional interest in the premises and the assessable value of the leasehold estate will

increase in value accordingly.

Article 7174, Vernon's Civil Statutes provides:

"Personal property, for the purposes of taxa-
tion, shall be construed to include . . .all improve-
ments made by persons upon lands held by them, the
title to which is still vested in the State of Texas,
or in any railroad company, or which have been exempted
from taxation for the benefit of any railroad company,
or any other corporation whose property is not subject
to the same mode and rule of taxation as other property."

It follows that on January 1, 1958, 57/60 of the value of
the improvements should be assessed against the lessee as personal
property owned by him. Each year thereafter he will own 12/60 less
interest in the improvements and should be assessed accordingly.
We appreciate the able brief which accompanied your request.

### SUMMARY

Property held by a city for the purpose of future
expansion of an airport or other public purpose is
tax exempt to the city. A leasehold estate covering
tax exempt property of a city if held under a lease
for a term of three years or more is taxable to the
lessee and should be valued at such price as it
would bring at a voluntary sale for cash. The inter-
est of the lessee in improvements placed on the
leased premises should be assessed for taxation as
the personal property of the lessee.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: W. V. Geppert
W. V. Geppert
Assistant

WVG/vk
APPROVED:

OPINION COMMITTEE
George P. Blackburn, Chairman

John B. Webster

B. H. Timmins

REVIEWED FOR THE ATTORNEY GENERAL
By: James N. Ludlum