

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 30, 1975

The Honorable Fred P. Holub
County Attorney
P. O. Box 1527
Bay City, Texas   77414

Opinion No. H- 729

Re: Exemption from state
and county ad valorem
taxation of the fractional owner-
ship interests of the Cities of
San Antonio and Austin in a
nuclear power plant located
in Matagorda County, Texas.

Dear Mr. Holub:

You have asked our opinion as to whether or not the interests of the
Cities of San Antonio and Austin in a power generating plant located in
Matagorda County, Texas, are exempt from state and county ad valorem
taxes. You explain that an electric generating plant is to be constructed in
Matagorda County, to be fueled by nuclear power. Private utility companies
will own a portion of the plant, San Antonio will own a 28% undivided interest
in the plant and Austin will own a 16% undivided interest. It is these fractional
interests of San Antonio and Austin and their possible tax exempt status that
have prompted your opinion request.

Article 11, section 9 of the Texas Constitution provides in pertinent
part:

> The property of counties, cities and towns, owned
> and held only for public purposes, such as public
> buildings and the sites therefor, fire engines and
> the furniture thereof, and all property used, or
> intended for extinguishing fires, public grounds
> and all other property devoted exclusively to the
> use and benefit of the public shall be exempt from
> forced sale and from taxation . . . .

Article 8, section 2, additionally provides:

> . . .the Legislature may, by general laws,
> exempt from taxation public property used for
> public purposes. . . .

Pursuant to this constitutional authority, the Legislature enacted article 7150, V. T. C. S., which exempts, together with other properties, "[a]ll property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof. . . ."

It is not necessary to resolve the question of whether this statutory exemption forecloses taxation of city property in view of the specific constitutional exemption of article 11, section 9, since both the constitutional and statutory language except municipal property from taxation. A. &M. Consolidated Independent School District v. City of Bryan, 184 S. W. 2d 914 (Tex. Sup. 1945).

However, for either exemption to apply the property involved must be public property used for "public purposes." Tex. Const. art. 11, § 9 and art. 8, § 2; Leander Independent School District v. Cedar Park Water Supply Corporation, 479 S. W. 2d 908 (Tex. Sup. 1972); A. &M. Consolidated Independent School District v. City of Bryan, supra.

Property owned by a municipality and used for the generation of electric power and for the supplying of electricity is "public property""used for a public purpose." V. T. C. S. art. 1108 and art. 1175; A. &M. Consolidated School District v. City of Bryan, supra at 915 and 916. This result is not dependent upon whether the generating plant or some of the customers served by the light and power facilities are located without the city's boundaries. City of New Braunfels v. City of San Antonio, 212 S. W. 2d 817 (Tex. Civ. App. -- San Antonio 1948, writ ref'd n. r. e.); A. &M. Consolidated Independent School District v. City of Bryan, supra.

The Honorable Fred P. Holub - page 3 (H-729)

It has been suggested that because San Antonio and Austin own fractional interests in the Matagorda generating plant along with private utilities, the plant may not be owned for a "public purpose."

However, it is well settled that properties can be jointly owned and that each interest must be assessed and taxed separately. Bashara v. Saratoga Independent School District, 163 S.W. 2d 631 (Tex. Sup. 1942); Hager v. Stakes, 294 S.W. 835 (Tex. Sup. 1927). If follows that the interests of San Antonio and Austin in the power plant are severable from the private utility interests and must be treated separately for taxation purposes.

Moreover, the Legislature has provided that municipalities and other public and private corporations may join together as co-owners in the construction of electric generating plants (article 1435a, V.T.C.S.) and, pursuant to its authority to legislate taxation exemptions bestowed by article 11, section 9 of the Constitution, has provided that:

> Each participating entity shall be entitled to the
> same constitutional and statutory exemption from
> ad valorem taxes and all other taxes. . .attributable
> to the participating entity's interest in the ownership
> of the jointly owned electric facilities. . .to the extent
> that the entity would have been exempt from the tax
> if its undivided interest were an entire interest. . . .
> V.T.C.S. art. 1435a, §4(3).

Accordingly, we think it is clear that the undivided interests of San Antonio and Austin in the Matagorda generating plant are not subject to the state and county ad valorem tax.

SUMMARY

Fractional, undivided interests of cities in
electric generating plants are exempt from
ad valorem taxes.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 3114

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb