

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 23, 1985

Honorable Ann Postma Musgrove
Childress County Attorney
County Courthouse
Childress, Texas    79201

Opinion No. JM-405

Re:  Whether a building owned by a
hospital district is exempt from
taxation under section 11.11 of
the Tax Code

Dear Ms. Musgrove:

You ask whether a building owned by a hospital district but leased to three other entities is exempt from ad valorem taxation in an instance in which the district receives remuneration from the entities in the form of rental payments.  Although we cannot as a matter of law conclude that such property is tax-exempt, we conclude that the fact that the district receives remuneration in the situation you describe will not deprive the district of tax-exempt status on such property.  We do not understand you to ask whether the lessees will be subject to taxation on their leaseholds.

You inform us that the Childress County Hospital District is a political subdivision created pursuant to article 4494, V.T.C.S., and article IX, section 9 of the Texas Constitution.  Acts 1965, 59th Leg., ch. 647, at 1483.  You indicate that Panhandle Community Action and Panhandle Planned Parenthood, two nonprofit corporations, and the Texas Department of Health, a state agency, lease the building from the hospital district.  You further state:

> The leased building in question is used by Panhandle Community Action, Planned Parenthood, and the Texas Department of Health for the following purposes:  to provide health care and community services to area persons in need, including clothing and food, implementing federal housing programs, and implementing state rural transportation programs, and providing for certain medical needs such as birth control, and inoculations.  A portion of the building is also retained for use by the hospital district for storage of hospital records and equipment.

You contend that the fact that the district receives rental payments from its lessees should not preclude the district's receiving ad valorem tax exemption on its property. It has been suggested, however, that the property is taxable under section 11.11(d) of the Tax Code regardless of the character of the services provided by the lessees of the building. We disagree. Subsection (d) of section 11.11 provides the following in pertinent part:

> (d) Property owned by the state that is not used for public purposes is taxable. Property owned by a state agency or institution is not used for public purposes if the property is rented or leased for compensation to a private business enterprise to be used by it for a purpose not related to the performance of the duties and functions of the state agency or institution. . . .

If the property is taxable, it is not so pursuant to subsection (d), which is applicable only tc property owned by the state.

Article VIII, section 1 of the Texas Constitution provides the following in pertinent part:

> Taxation shall be equal and uniform. All real property and tangible personal property in this State, whether cwned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law.

Article VIII, section 2 provides the following in pertinent part:

> [T]he legislature may, by general laws, exempt from taxation public property used for public purposes. . . . (Emphasis added).

Article XI, section 9 of the Texas Constitution provides the following in pertinent part:

> The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor . . . and all other property devoted exclusively to the use and benefit of the public shall be exempt from . . . taxation. . . . (Emphasis added).

Section 11.11(a) of the Tax Code sets forth the following in pertinent part:

> Except as provided by Subsections (b) and (c)
> of this section [which are here inapposite],
> property owned by this state or a political sub-
> division of this state is exempt from taxation <u>if</u>
> <u>the property is used for public purposes.</u>

Property of a political subdivision which would otherwise qualify for exemption from ad valorem taxation under one of the foregoing constitutional provisions will not lose its tax-exempt status merely because a charge is made for use of the property or a profit is generated thereby, provided the charges are incident to its use by the public and the proceeds inure to the benefit of the political subdivision. <u>Lower Colorado River Authority v. Chemical Bank and Trust Company</u>, 190 S.W.2d 48, 50 (Tex. 1945); <u>A & M Consolidated Independent School District v. City of Bryan</u>, 184 S.W.2d 914, 915-16 (Tex. 1945). <u>See also City of Beaumont v. Fertitta</u>, 415 S.W.2d 902, 915 (Tex. 1967) (Walker, J., dissenting); <u>Galveston Wharf Company v. City of Galveston</u>, 63 Tex. 14 (1884). <u>Cf. Santa Rosa Infirmary v. City of San Antonio</u>, 259 S.W. 926 (Tex. Comm'n App. 1924, judgmt adopted); <u>City of Dallas v. Smith</u>, 107 S.W.2d 872 (Tex. 1937); <u>City of Palestine v. Missouri-Pacific Lines Hospital Association</u>, 99 S.W.2d 311 (Tex. Civ. App. - Amarillo 1936, writ ref'd) (cases involved not political subdivisions, but rather institutions of purely public charity). Accordingly, we conclude that, in the situation you describe, the fact that the district receives compensation for the lease of its property will not deprive the district of its tax-exempt status on the property if it would otherwise be tax-exempt.

We note that the Texas Supreme Court has consistently reaffirmed the principle that, in order for public property to be exempt from ad valorem taxation, it must be held only for public purposes and devoted exclusively to the use and benefit of the public. <u>Satterlee v. Gulf Coast Waste Disposal Authority</u>, 576 S.W.2d 773 (Tex. 1978); <u>Leander Independent School District v. Cedar Park Water Supply Corporation</u>, 479 S.W.2d 908 (Tex. 1972); <u>Daugherty v. Thompson</u>, 9 S.W. 99 (Tex. 1888). The test for determining whether public property is tax exempt is whether it is used primarily for the health, comfort, and welfare of the public. It is not essential that it be used for governmental purposes; it is sufficient that it be used for "proprietary" purposes. <u>A & M Consolidated Independent School District v. City of Bryan</u>, <u>supra</u>. It is immaterial whether only residents of the district are benefitted or whether others benefit as well; the fact that property is owned by the public and is used primarily for the health, comfort and welfare of the public of some portion of the state is sufficient to entitle such property to tax-exempt status. <u>State v. Houston Lighting & Power Co.</u>, 609 S.W.2d 263 (Tex. Civ. App. - Corpus Christi 1980, writ ref'd n.r.e.). <u>See also</u> Attorney General Opinions MW-430 (1982); MW-391 (1981). The determination that such property is so

used in this instance is a factual matter upon which this office is not empowered to rule.

### S U M M A R Y

The fact that a hospital district receives remuneration for leasing a building owned by that district will not deprive that district of tax-exempt status on such property.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General