**Office of the Attorney General**
**State of Texas**


DAN MORALES
ATTORNEY GENERAL

January 25, 1996

Mr. Ray Farabee
Office of General Counsel
The University of Texas System
201 West Seventh Street
Austin, Texas 78701-2981

Opinion No. DM-374

Re: Whether the El Paso County Water Improvement District No. 1 may, pursuant to chapter 55, subchapter N of the Water Code, assess a tax on the benefit basis against land belonging to the Permanent University Fund (RQ-715)

Dear Mr. Farabee:

You have requested our opinion as to whether land belonging to the Permanent University Fund[1] is subject to taxation on a benefit basis under chapter 55, subchapter N of the Water Code. You state that, since 1977, the El Paso County Water Improvement District No. 1 (the "district") has been levying assessments, penalties, and interest on three tracts of land belonging to the Permanent University Fund and located in El Paso County.[2] You further inform us that the three tracts of land are leased out for grazing purposes, but that neither the board of regents of The University of Texas System (the "university") nor the lessee has requested water from the district.[3] Furthermore, you state that the land never has received water service from the district.

We understand that the district is a political subdivision of the state, organized and existing pursuant to article XVI, section 59 of the Texas Constitution. Chapter 55 of the Water Code pertains to water improvement districts. Section 55.022 authorizes the commissioners court of a county to create one or more water improvement districts in the

---

[1]Article VII, section 11 of the Texas Constitution creates the Permanent University Fund, which is composed of all lands and other property appropriated "for the establishment and maintenance of the University of Texas," proceeds from the sale of such lands and other property, and all general purpose grants, donations, and appropriations from the State of Texas or any other source. The board of regents of The University of Texas is empowered to invest the Permanent University Fund. Tex. Const. art. VII, § 11a.

[2]You state that the three tracts of land "comprise 2.67 acres, 5.05 acres, and 4.08 acres, respectively."

[3]The district confirms that the university has not ordered water from the district.

county.[4]   A water improvement district operating under article XVI, section 59 of the Texas Constitution, such as the district, may be created for three purposes:

1.  To provide for irrigation of land within the district's boundaries.

2.  To furnish water for domestic, power, and commercial purposes.

3.  To cooperate with the United States under the federal reclamation laws for the purpose of: (a) constructing irrigation and drainage facilities necessary to maintain the irrigability of the land; (b) purchasing, extending, operating, or maintaining the constructed facilities; or (c) assuming indebtedness to the United States on account of district lands.

Water Code § 55.161.

Section 55.651(a) of the Water Code authorizes a water improvement district that operates under the provisions of article XVI, section 59 of the constitution to ask, at the time the district is created or before it issues bonds, the district's voters whether the district will levy, assess, and collect taxes on the ad valorem or on the benefit basis. Upon the electorate's approval of taxation on the benefit basis, and as soon as practicable after the district has adopted the plan for improvements to be constructed, the board of directors of a water improvement district must appoint three disinterested commissioners to "view the land in the district which will be affected by the district's reclamation plans . . . and [to] assess the amount of the benefits and damages that will accrue to the land . . . from the construction of the improvements." Id. § 55.662. Following a hearing, the commissioners must issue a final order stating the amount of benefits or damages assessed on each tract of land. Id. § 55.668.

If the voters of the district previously have approved it, the benefits for tax purposes will be fixed "as an equal sum on each acre of land that is irrigated or to be irrigated by gravity flow from the canal system of the district" (the "uniform acreage valuation"). Id. § 55.670. A district using the uniform acreage valuation for taxation need not ascertain the value of an improvement to a particular tract of land.[5] Id. §§ 55.670, .673. In addition, an owner of nonirrigable land may have his or her land excluded from the district. Id. § 55.672.

---

[4]The Texas Natural Resource Conservation Commission (the "TNRCC") may create a water improvement district composed of land in more than one county if the TNRCC receives a petition completed in accordance with section 55.040 of the Water Code. We assume that the water improvement district about which you ask, the El Paso County Water District No. 1, is within one county.

[5]In its brief, the district explains that taxation on the benefit basis allows a water improvement district with a substantial amount of urban property within its boundaries to assess taxes according to the area of land in each parcel, without regard to the value of any improvements on the land. Thus, in the district, a homeowner within the city limits who owns a relatively small parcel of land will be assessed a much lower tax than a farmer who owns a large number of acres.

We understand from the district's brief that the district derives most of its revenue from taxes assessed on the benefit basis and that it has adopted the uniform acreage valuation for taxation.[6] You believe that the district may not levy taxes on the benefit basis against the land belonging to the Permanent University Fund. You argue first that, if taxation on the benefit basis is in fact a special or local assessment, the district, you believe, must have express authority to levy the assessment against the lands of the Public University Fund. Because the district lacks such specific authority, you assert that the district may not collect the benefit assessment against the Permanent University Funds land. If, on the other hand, the benefit assessment is a tax, we understand you to contend that, under article VII, section 16 of the Texas Constitution as well as section 11.11(b) of the Tax Code, the land is exempt from all taxes except county taxes.

The district avers that taxation on the benefit basis is indeed a tax, not a special assessment. Furthermore, the district believes that because the university leases the land for grazing purposes, the land is not used for a public purpose and, pursuant to section 11.11(e) of the Tax Code, is not exempt from the tax. *See also* Water Code § 55.676 (providing that "[i]n a district that levies taxes on a benefit basis, the rate of taxation and the assessment and collection of taxes shall be governed by the law relating to ad valorem taxes to the extent applicable").

As a preliminary matter, we will examine the distinction between a tax and a special assessment. Broadly speaking, the terms "tax" and "taxes" encompass every burden, including a special assessment, that a governmental body, by virtue of the taxing power, lawfully may impose upon the citizen. 84 C.J.S. *Taxation* § 1, at 32 (1954); *accord* Annot., 90 A.L.R. 1137, 1137 (1934). In a narrower sense, however, taxes and special assessments are distinguishable. Annot., 90 A.L.R. at 1137; *see also* Attorney

---

[6]By way of background, the district has explained that

> [t]he source of water for the District is the Rio Grande by virtue of the Rio Grande Project, a federal Reclamation project. [Citation omitted.] The construction of Elephant Butte Dam, Caballo Dam and the diversion dams in the rivers, and the canals, drains, yard facilities and other capital improvements of the District were financed through contracts with the United States Department of the Interior, Bureau of Reclamation. The District now operates and maintains the Project facilities within district boundaries, paying for such costs through its taxes levied on the "benefit basis." The District has relatively little indebtedness outstanding, which it is retiring mainly through revenue raised from its taxes on the benefit basis. The District still has contracts with the United States pursuant to which the United States operates Elephant Butte and Caballo dams and for which the United States renders annual charges to the District, which are also repaid from the District taxes levied on the benefit basis. From its inception, the District has always levied its taxes on the benefit basis.

*See generally El Paso County Water Improvement Dist. No. 1 v. City of El Paso*, 133 F. Supp. 894 (W.D. Tex. 1955), *reformed in part and aff'd in part*, 243 F.2d 927 (5th Cir.), *cert. denied*, 355 U.S. 820 (1957).

General Opinions JM-1035 (1989) at 3 (citing *City of Wichita Falls v. Williams*, 26 S.W.2d 910, 911 (Tex. 1930)), JM-523 (1986) at 1.

> Taxes, as the term is generally used, are public burdens imposed generally on the inhabitants of the whole state, or some civil division thereof, for governmental purposes, without reference to peculiar benefits to particular individuals or property. Assessments have reference to impositions for improvements which are specially beneficial to particular individuals or property and which are proposed in proportion to the particular benefits supposed to be conferred.

Annot., 90 A.L.R. at 1137. Thus, a tax is collected for the purpose of raising revenue, to be used for public or governmental purposes, and is unrelated to any special benefit the taxpayer may receive from the expenditure of the funds. *See Conlen Grain & Mercantile, Inc. v. Texas Grain Sorghum Producers Bd.*, 519 S.W.2d 620, 623 (Tex. 1975); Attorney General Opinions JM-1035 (1989) at 3 (and cases cited therein), O-1861 (1940) at 4 (citing *Clegg v. State*, 42 Tex. 605, 608 (1875)); 84 C.J.S. *Taxation* § 1, at 33 (1954). A special assessment, on the other hand, is imposed upon property that will benefit from a proposed improvement, levied upon an individual property owner in proportion to the benefit the property is expected to derive from the improvement, and designed to cover the costs of the improvement. Attorney General Opinion JM-1035 (1989) at 2 (quoting *City of Wichita Falls v. Williams*, 26 S.W.2d at 911); *see also* 6A C.J.S. *Assessment* 571-72 (1975).

We believe that we need not determine here whether taxation on the benefit basis under section 55.651(a) of the Water Code is a tax or a special assessment because we conclude that the district may not impose either a tax or a special assessment on the land.[7] If the benefit assessment is a tax, we look to article VII, section 16 of the constitution and its statutory counterpart, section 11.11(b) of the Tax Code. Both provide that land of the Permanent University Fund is taxable for county purposes. This office determined in Attorney General Opinion JM-1049 that land comprising the state permanent university fund is taxable for county purposes only. Attorney General Opinion JM-1049 (1989) at 7.

---

[7] The language of section 55.651(a) of the Water Code would lead one to believe that the benefit assessment is a tax. Subchapter N is entitled "Taxation on a Benefit Basis." Section 55.651 of the Water Code is titled "Election to Determine Method of Taxation." Subsection (a) authorizes a water improvement district to determine, by election, whether the district "will levy, assess, and collect taxes on the ad valorem basis or on the benefit basis." The remainder of subchapter N discusses the benefit assessment in terms of taxation. *See, e.g.*, Water Code §§ 55.652, .656, .676.

However, we must determine the character or nature of a particular tax (using the word in the broad sense) by examining the tax's operation, practical results, and natural and legal effect of the language the statute imposing the tax employs; we may not rely solely upon the name the legislature has given the tax. 71 AM. JUR. 2D *State and Local Taxation* § 22, at 356-57 (1973).

Article VIII, section 2(a) of the Texas Constitution authorizes the legislature to, "by general laws, exempt from taxation public property used for public purposes." Under article VIII, section 2(a), public property leased to a private individual to carry on a business is not used for public purposes. Article VIII, section 2(a) is not applicable to land of the Permanent University Fund, however. *See State v. University of Houston*, 264 S.W.2d 153, 154-55 (Tex. Civ. App.--Galveston 1954, writ ref'd n.r.e.); Attorney General Opinion MW-430 (1982) at 2-3; *see also* Attorney General Opinions JM-1049 (1989) at 7, O-1861 (1940) at 5.

The legislature enacted section 11.11 of the Tax Code pursuant to the authority article VIII, section 2(a) grants it. Attorney General Opinion DM-272 (1993) at 3. Section 11.11 provides for the taxation of public property, and it states in pertinent part as follows:

> (a) Except as provided by Subsections (b) and (c) of this section, property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes.

> (b) Land owned by the Permanent University Fund is taxable for county purposes. . . .

> . . . .

> (d) Property owned by the state that is not used for public purposes is taxable. Property owned by a state agency or institution is not used for public purposes if the property is rented or leased for compensation to a private business enterprise to be used by it for a purpose not related to the performance of the duties and functions of the state agency or institution . . . .

> (e) It is provided, however, that property that is held or dedicated for the support, maintenance, or benefit of an institution of higher education as defined in Chapter 61, Texas Education Code, but is not rented or leased for compensation to a private business enterprise to be used by it for a purpose not related to the performance of the duties and functions of the state or institution . . . is not taxable. . . .

This office determined that section 11.11(b) is an exception to the general principles set out in section 11.11(a), (d). Attorney General Opinion JM-1049 (1989) at 7-8. We do not believe that subsection (e) applies to land owned by the Permanent University Fund.[8] Article VII, section 16 of the Texas Constitution makes taxable for county purposes only

---

[8]Although Attorney General Opinion JM-1049 quoted section 11.11(e) of the Tax Code, the opinion did not discuss the section.

land belonging to the Permanent University Fund. In our opinion, section 11.11(b) of the Tax Code corresponds to article VII, section 16 of the constitution. Land owned by the Permanent University Fund is taxable only in accordance with subsection (b); subsections (e), as well as subsections (a) and (d), are inapplicable. To construe subsection (b) as complementary of subsections (a), (d), and (e), so that all Permanent University Fund land is subject to all county taxes and, if the land is not used for a public purpose, to all other taxes, would contravene article VII, section 16 of the constitution.[9] Furthermore, as we have stated above, article VIII, section 2 is inapplicable to lands of the Permanent University Fund.

Additionally, as we have stated above, the land is not subject to taxation on the benefit basis if the tax is in fact a special assessment. In *Maverick County Water Control & Improvement District No. 1 v. State*, 456 S.W.2d 204 (Tex. Civ. App.--San Antonio 1970, writ ref'd), the court of civil appeals considered whether the sovereign is liable to pay special assessments levied against state land:[10]

> It is generally held that, in the absence of clear legislative authorization, a political subdivision of the State has no power to levy a special assessment against State property. We adopt this view at least in a case where, as here, the sovereign is neither making nor contemplating any use of the allegedly benefited land and has neither received nor requested the services rendered by the assessing agency.[11]

---

[9]Incidentally, we note that the legislature enacted section 11.11(d) and (e) in response to a particular institution's use of land belonging to that institution. *See generally* Attorney General Opinion DM-272 (1993) at 5-8 (describing legislative history of subsections (d) and (e)).

[10]In its brief, the El Paso County Lower Valley Water District Authority avers that *Maverick County Water Control & Improvement District* relied upon V.T.C.S. article 7150, section 4, which the legislature has recodified as section 11.11 of the Tax Code. Consequently, the brief suggests, *Maverick County Water Control & Improvement District* no longer indicates the current state of the law. We disagree.

We note that the court in *Maverick County Water Control & Improvement District* construed article 7150, section 4 to exempt from ad valorem taxation land belonging exclusively to the State of Texas. *See Maverick County Water Control & Improvement Dist.*, 456 S.W.2d at 206. The court then discussed the defendant's argument that, even if state land is exempt from ad valorem taxation, it is subject to a special assessment. *Id.* The court thus distinguished between ad valorem taxation, from which state land was exempt pursuant to the statutory predecessor to section 11.11 of the Tax Code, and special assessments.

[11]We do not consider in this opinion whether the state is liable to pay a benefit assessment on state-owned land if the state is making or contemplating use of the land and has received or requested services from the water improvement district, even though the legislature clearly has not authorized the exaction of a benefit assessment on state-owned land.

*Id.* at 207 (footnote added); *see also* Attorney General Opinions JM-1035 (1989) at 8-9 (discussing *Maverick County Water Control & Improvement District No. 1*), JM-535 (1986) at 2-3 (same), MW-551 (1982) at 2-3 (same). In this case, we find no clear legislative statement authorizing the district to exact a benefit assessment against lands held by the Permanent University Fund. *Cf.* Attorney General Opinion JM-1035 (1989) at 10-13 (concluding that Water Code section 26.176(b) clearly authorizes local government to impose capital recovery fee on land Texas A&M University owned). Furthermore, we do not understand that the state is making or contemplating any use of the land and has received or requested district services.[12]

We therefore conclude that, whether taxation on the benefit basis under section 55.651(a) of the Water Code is considered a tax or a special assessment, the district may not levy a "tax . . . on the benefit basis," *see* Water Code § 55.651(a), against the three tracts of land owned by the Permanent University Fund.

## S U M M A R Y

Whether the "tax . . . on the benefit basis" authorized by chapter 55, subchapter N of the Water Code is a tax or a special assessment, the El Paso County Water Improvement District No. 1 may not levy such a tax against land owned by the Permanent University Fund.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General

---

[12]In any event, whether the state is using any or all of the land within the district, or whether the state has received or requested district services are issues of fact that are inappropriate for the opinion process. *See, e.g.*, Attorney General Opinions DM-98 (1992) at 3, H-56 (1973) at 3, M-187 (1968) at 3, O-2911 (1940) at 2.