STATE HIGHWAY COMMISSION et al. v. HARRIS COUNTY FLOOD CONTROL DIST. et al.

No. 12369.

Court of Civil Appeals of Texas. Galveston.

Feb. 21, 1952.

Rehearing denied March 27, 1952.

Price Daniel, Atty. Gen. of Texas, C. K. Richards, Asst. Atty. Gen., for appellant.

Sam W. Davis, Crim. Dist. Atty., W. K. Richardson, Asst. Crim. Dist. Atty., Knipp & Broady and E. A. Knipp, Houston, for appellee Harris County Flood Control Dist.

Fulbright, Crooker, Freeman & Bates, Charles W. Bell and John V. Singleton, Jr., Houston, for intervenor Harris County Houston Ship Channel Navigation Dist.

MONTEITH, Chief Justice.

This is an appeal from a declaratory judgment rendered in the County Court at Law of Harris County under the Uniform Declaratory Judgment Act, art. 2524–1, Vernon's Ann.Tex.St., under the terms of which the court held that under the provisions of Article 6675a–3, V.A.T.S., motor vehicles owned and exclusively used by plaintiff Harris County Flood Control District and intervenor Harris County Houston Ship Channel Navigation District, are not required to pay fees for the issuance of certificates of title and for motor vehicle registration required of persons, firms and corporations, since both plaintiff and intervenor were governmental agencies and political subdivisions of the State of Texas and exempt from such payment. The judgment also ordered and directed the State Highway Commission, its agents, servants and employees, to issue the certificates of title to such vehicles and to register the various motor vehicles owned by plaintiff and intervenor without the payment of fees. The action was brought by the Flood Control District against the Highway Department and its individual Commissioners and the State Highway Engineer, D. C. Greer. The Flood Control District alleged that it had made application to the Highway Department for the registration of a new and unregistered motor vehicle; that the application was accompanied by proper affidavits and certificates showing that such motor vehicle was the property of and was used exclusively in the service of Flood Control District, a governmental agency of the State of Texas and that the Highway Department had refused the issuance of both the certificate of title and the registration without the payment of the required fees.

For convenience and brevity, appellant, State Highway Department, will be referred to in this opinion as Highway Department, appellee, Harris County Flood Control District, will be referred to as Flood Control District, and intervenor, Harris County Houston Ship Channel Navigation District, will be referred to as Navigation District.

Harris County Flood Control District was created in 1937 by a Legislative Act under the provisions of Section 59, Article XVI of the Constitution of the State of Texas, Vernon's Ann.St.

The Navigation District was established pursuant to an election held January 10, 1911, under the provisions of Article 8197, et seq. Effective June 6, 1927, the Navigation District was recreated and validated under Section 52 of Article III of the Constitution of Texas. The District is now being operated pursuant to these Acts and the provisions of Article III, Section 52 of the Constitution of Texas.

On February 26, 1951, the Navigation District filed its intervening petition, alleging that it was a political subdivision and governmental agency of the State of Texas; and that certificates of title and registration of its vehicles owned and used by it in the performance of its public functions and duties had been refused by the State

Highway Department without the payment of fees. It sought a declaratory judgment and other relief similar to that sought by the Flood Control District.

It was agreed by the parties that the case would be tried upon stipulated facts, and the trial court in the judgment rendered found that the allegations of the Flood Control and Navigation Districts' petitions were supported by the uncontradicted facts disclosed by the stipulation. The court adopted the stipulations as his findings of fact. The court found in substance that both the Flood Control District and the Navigation District had filed with the State Highway Department applications for the registration and re-registration of motor vehicles owned and used by the Districts, and for certificates of title covering such vehicles, and that the Highway Department had refused to either register said vehicles or to issue certificates of title covering them without the payment of fees.

In the trial court appellants contended that the court erred in holding that both Flood Control District and Navigation District were exempt from the payment of the certificate of title fee required by the Certificate of Title Act, Section 57, Article 1436–1, Vernon's Penal Code. The Highway Department now concedes in its brief in this Court that the trial court correctly held that both Flood Control District and Navigation District were exempt from the payment of the certificate of title fee under Section 60 of the Certificate of Title Act.

Appellant, Highway Department, relies on one point of alleged error. It contends that the trial court erred in holding that the Flood Control District and the Navigation District were each governmental agencies and political subdivisions of the State of Texas, which are exempt from the payment of motor vehicle registration fees, under the provisions of Article 6675a–3, V.A.T.S.

The applicable provisions of the statutes governing the registration of motor vehicles are: Article 6675a–2, V.A.T.S., which provides in part that, "Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the county in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year or unexpired portion thereof; * * *." and Article 6675a–3, V.A.T.S., which provides in part that, " * * * Owners of motor vehicles, trailers and semi-trailers, which are the property of, and used exclusively in the service of the United States Government, the State of Texas, or any County, City or School District thereof, shall apply annually to register all such vehicles, but shall not be required to pay the registration fees herein prescribed, provided that affidavit is made at the time of registration by a person who has the proper authority that such vehicles are the property of and used exclusively in the service of the United States Government, the State of Texas, or County or City or School District thereof, as the case may be. * * *"

Article 6675a–3aa, V.A.T.S., provides in part: "Before the delivery of license plates to anyone engaged exclusively in the service of and operating vehicles which are property of the United States Government, or the State of Texas, or any county, city, or school district thereof, such application shall have the approval of the State Highway Department before said plates are issued to any such applicant, * * *."

The original proceeding which initiated this controversy was a request for a determination by the County Tax Assessor & Collector of Harris County, under the terms of the Texas Title Law, for a review of the action of the Highway Department in refusing an application of Flood Control District for a certificate of title and registration of a motor vehicle, owned and controlled by the District, and accompanied by proper affidavits and certificates. Upon its refusal to issue such certificate, an appeal was taken by the District to the County Court at Law of Harris County, seeking a declaratory judgment.

The controlling issues presented in the appeal are whether the Flood Control District and the Navigation District are governmental agencies of the State of Texas

and whether as governmental agencies they are entitled to the issuance of license plates for motor vehicles owned and operated by them in the discharge of the duties and obligations imposed on them by law without the payment of the registration fees required of private persons, firms and corporations for the registration or re-registration of such vehicles.

The applicable provisions of Article XVI, Section 59a of the Constitution of Texas, are: "The conservation and development of all of the natural resources of this State, * * * the navigation of its inland and coastal waters, and the preservation and conservation of all such natural resources of the State are each and all hereby declared public rights and duties; and the Legislature shall pass all such laws as may be appropriate thereto."

The constitutional provision creating the Flood Control District, Article XVI, Section 59a, and the decision of the Supreme Court upholding its constitutionality, clearly show, we think, that the District is an agency of the State government.

In the case of Harris County Flood Control District v. Mann, Attorney General, 135 Tex. 239, 140 S.W.2d 1098, 1101, the Supreme Court said, "From all the provisions of the 1937 Act, creating this District and defining its nature, purposes, and powers, we think it is too plain to admit of debate that such Act constitutes the District an arm of the State government,—that is, a State governmental agency. * * *"

In the case of Chicago, R. I. & G. Ry. Co. v. Tarrant County Water Control & Improvement District No. 1, 123 Tex. 432, 73 S.W.2d 55, 66, the court, following this rule, said, "As is well known, one of the major navigation projects of the United States, the Houston Ship Channel, a stream improvement which substantially affected the course of commerce in the midwest portion of the United States, was finally consummated under the laws of Texas relative to the subject."

The Highway Department, in its brief, while admitting that both the Navigation District and the Flood Control District are political subdivisions of the State of Texas, contends that they are not governmental agencies of the State since Section 52 of Article III of the Constitution of the State of Texas, under which they were created, does not state that they are governmental agencies, and the governing body of the Navigation District—the Board of Navigation & Canal Commissioners—is not a State Board as contemplated by Section 30a of Article XVI of the Constitution of Texas.

Section 16 of Article 8247a V.A.T.S., provides that the Boards of Navigation & Canal Commissioners of any Navigation Districts theretofore organized under the provision of Section 52 of Article III of the Constitution shall be converted into Navigation Districts operating under the provisions of Section 59 of Article XVI of the Constitution.

It is undisputed that for a long period of time the Highway Department has issued exempt license plates to the Lower Colorado River Authority and the Brazos River Reclamation and Conservation District, on the theory that these districts are State agencies, and that title certificates and exempt license plates should be issued to them without the payment of the fees required under the Certificate of Title and Registration Acts.

The statutes involved in this appeal are Article 1436-1 of the Penal Code, The Certificate of Title Act, and Article 6675a-1 et seq., V.A.T.S.

Since it seems to be undisputed that both the Flood Control District and the Navigation District have their existence solely as agents of the State and that the motor vehicles sought to be registered and re-registered were owned by them and used exclusively by them, the judgment of the trial court must, we think, be, in all things, affirmed.