

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 29, 1971

Honorable David Wade, M. D.
Commissioner
Texas Department of Mental
Health and Mental
Retardation
Box 12668, Capitol Station
Austin, Texas

Opinion No. M-1033

Re: When are employees
of Community Centers
for Mental Health
and Mental Retarda-
tion Services included
within the coverage of
the Texas Unemployment
Compensation Act ef-
fective January 1,
1972, and which Com-
munity Centers are
entitled to receive
the exemption author-
ized in Article
6675a-3(c), Vernon's
Civil Statutes.

Dear Dr. Wade:

In your request for an opinion from this office you
refer to the following statutes:

Article 5547-203, Section 3.01(a), Vernon's Civil Statutes,
which states in part:

"Local agencies which may establish and operate
community centers are a county, a city, a
hospital district, a school district, or any
organizational combination of two (2) or more
of these."

Article 6675a-3(c), Vernon's Civil Statutes, which states
in part:

"Owners of motor vehicles, trailers and
semi-trailers which are the property of and
used exclusively in the service of the United
States Government, the State of Texas, or any
county, city, or school district thereof, shall
apply annually to the department as provided

-5036-

in Section 3-aa of this Act to register all
such vehicles, but shall not be required to
pay the registration fees herein prescribed,
provided that affidavit is made at the time
of registration by a person who has the
proper authority that such vehicles are the
property of and used exclusively in the
service of the United States Government,
the State of Texas, or a county, city, or
school district thereof, as the case may be."

You further state in your opinion request:

"Twenty-one (21) Community Centers for
Mental Health and Mental Retardation services
have been established in this State by one
or more of the aforesaid local agencies.

"Four (4) Community Centers for Mental
Health and Mental Retardation services have
been established in this State by one or
more of the aforesaid local agencies together
with a State supported institution of higher
education or a State supported medical school
as authorized by a pre-existing law.  (See
H.B.3, 59th Legislature, Regular Session
1965, Chapter 67, Article 3, Section 3.01(a),
page 171).

"These Community Centers employ and
train personnel to administer their programs
and services.  Some of these Community Centers
also have purchased motor vehicles to be used
in providing their services, and those motor
vehicles are registered in the name of the
individual Community Center."

You then request our opinion on the following questions.

"1.  Under what circumstances, if any,
are the employees of Community Centers for
Mental Health and Mental Retardation services,
established by those local agencies or any
combination thereof, as heretofore described,
included within the coverage of the Texas
Unemployment Compensation Act, as amended,

effective January 1, 1972?

"2.   Which Community Centers, if any,
established by those local agencies or any
combination thereof, as heretofore described,
are entitled to receive the exemption author-
ized in Texas Revised Civil Statutes Annotated
Article 6675a-3(c)?"

Subsection (h) of Section 1 of Article 695g, Vernon's
Civil Statutes, pertaining to Social Security coverage for
county and municipal employees, provides:

"(h) The term political subdivision
includes an instrumentality of the State,
of one or more of its political subdivisions,
or of the State and one or more of its
political subdivisions, but only if such
instrumentality is a juristic entity which
is legally separate and distinct from the
State or subdivision and only if its
employees are not by virtue of their
relation to such juristic entity employees
of the State or subdivision."

Attorney General's Opinion No. M-149, 1967, states in
part:

". . .Community Centers for mental health
and mental retardation are political sub-
divisions within the provisions of Section
1 of Article 695g, Vernon's Civil Statutes,
and the employees of said political sub-
divisions are entitled to social security
coverage."

It is the opinion of this office that the Community Cen-
ters are "political subdivisions" as that term is used in the
Texas Unemployment Compensation Act, as amended, effective
January 1, 1972, and that each Community Center is entitled
to election of coverage as provided in Article 5221b-6(b)(3),
Vernon's Civil Statutes, which states in part:

"(3) A political subdivision of the State of
Texas may voluntarily elect coverage for not
less than two (2) calendar years and such
election may be made with respect to (A) all

services performed for the political sub-
division, or (B) all services performed
for all institutions of higher education
and all hospitals operated by the political
subdivision, or (C) all services performed
for one (1) or more separate parts or
divisions of the political subdivision;
and, if such election is made, the employer
shall pay reimbursements for benefits as
provided in Section 7-A of this Act."

In State Highway Commission, et al. v. Harris County
Flood Control Dist., et al., 247 S.W.2d 135 (Tex.Civ.App.
1952, error ref. n.r.e.) the court held that the Harris County
Houston Ship Channel Navigation District and Harris County
Flood Control District were political subdivisions but had
their existence solely as agents of the State, and as agents
of the State were relieved by Article 6675a-3 from the obli-
gation to pay motor vehicle registration fees.

The Community Centers have their existence as agents of
the State for providing mental health and mental retardation
services and as such are entitled to the exemption as author-
ized by Article 6675a-3.

## SUMMARY

Community Centers for Mental Health and
Mental Retardation services are political
subdivisions as that term is used in the Texas
Unemployment Compensation Act, as amended,
effective January 1, 1972, and each Community
Center is entitled to election of coverage
as provided in Article 5221b-6(b)(3), V.C.S.
All of the Community Centers are entitled
to the exemption as authorized by Article
6675a-3, V.C.S.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Michael E. Stork
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Bill Allen, Co-Chairman

Harriet Burke
Gordon Cass
Austin Bray
James Quick

SAM McDaniel
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant