

# THE ATTORNEY GENERAL
## OF TEXAS

September 16, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable David H. Cain
Chairman
Committee on Transportation
Texas House of Representatives
P.O. Box 2910
Austin, Texas    78769

Opinion No. JM-787

Re:  Construction of article
6675a-3(c), V.T.C.S.

Dear Representative Cain:

You ask the following question:

> Does the word "and" in the phrase "property of and
> used exclusively in the service of", found in
> Article 6675a-3(c), mean that if a school district
> or other such entity included in the law were to
> lease a vehicle, and therefore not own it, it
> would be exempt from this article and would
> therefore not be required to have exempt license
> plates?

Article 6675a-3(c) provides, in part:

> Owners of motor vehicles, trailers and
> semi-trailers which are the property of and used
> exclusively in the service of the United States
> Government, the State of Texas, or any county,
> city or school district thereof, shall apply
> annually to the Department as provided in Section
> 3-aa of this Act to register all such vehicles,
> but shall not be required to pay the registration
> fees herein prescribed, provided that affidavit is
> made at the time of registration by a person who
> has the proper authority that such vehicles are
> the property of and used exclusively in the
> service of the United States Government, the State
> of Texas, or a county, city or school district
> thereof, as the case may be.

First, we note that you characterize article 6675a-3(c) as "requiring" vehicles owned and operated by governmental bodies[1] to have exempt license plates. We think that article 6675a-3(c) might be more accurately characterized as exempting owners of certain vehicles from payment of registration fees. See V.T.C.S. art. 6675a-3aa (providing for specially designated license plates for exempt vehicles).

Article 6675a-3(c) states that the owner of a motor vehicle is exempt from payment of registration fees for that vehicle if the vehicle is both "the property of" and "used exclusively in the service of" a governmental body. You suggest that if a governmental body leased a vehicle from some other entity, the governmental body would not own the vehicle and could therefore not meet the requirements of article 6675a-3(c). Because of the way "owner" is defined for purposes of article 6675a-3, however, we think that analysis is incorrect.

The statute requiring registration of motor vehicles generally makes the requirement applicable to the "owner." V.T.C.S. art. 6675a-2(a). Consistent with the general statute, article 6675a-3(c) exempts "owners" from the payment of registration fees. For purposes of those statutes, the word "owner" is given a broad definition: "'Owner' means any person who holds the legal title of a vehicle or who has the legal right of possession thereof, or the legal right of control of said vehicle." Art. 6675a-1(1). Therefore, a lessee who has the legal right of possession or control of a vehicle, as the typical lessee would, would be an "owner" for purposes of article 6675a-3(c) even though the lessee would not have legal title to the vehicle. See Attorney General Opinion O-5381 (1943).

The article 6675a-3(c) exemption applies to "[o]wners of motor vehicles . . . which are the property of and used exclusively in the service of" certain governmental bodies. (Emphasis added.) Consequently, the exemption could apply to a vehicle leased by a governmental body as long as a leased vehicle that is "owned" by a governmental entity is also "the property of" that governmental entity for purposes of article 6675a-3(c). In other words, to determine

---

1. Article 6675a-3(c) applies to "the United States Government, the State of Texas, or any county, city or school district thereof." For the sake of simplicity, we will refer to those entities as "governmental bodies." Our use of the term "governmental bodies" is not intended as a comment on the scope of article 6675a-3(c) exemption. See Attorney General Opinions WW-487 (1958); M-1033 (1971).

whether the article 6675a-3(c) exemption can apply to a leased vehicle, we must determine whether the legislature intended that the phrase "property of" be defined as broadly as "owner" or whether the article 6675a-3(c) requirement that a vehicle be "the property of" a governmental body means that a governmental body must have legal title to the vehicle. We conclude that if a governmental body is the "owner" of a vehicle, the vehicle is "the property of" the governmental body.

It is the "owner" of a vehicle who is responsible for registering it, and it is the "owner" who may avail himself of the exemption from registration fees provided for in article 6675a-3(c). Therefore, if a governmental body "owned" a vehicle by virtue of a lease agreement, the governmental body -- not the lessor -- would have to pay registration fees if the vehicle was not also "the property of" the governmental body. Attorney General Opinion O-5381 (1943). Such a result would thwart the apparent purpose of article 6675a-3(c), which is to exempt governmental bodies from paying registration fees for vehicles used for public purposes. See Tex. Const. art. XI, §9 ("property of counties, cities and towns, owned and held only for public purposes . . . shall be exempt from forced sale and taxation); Attorney General Opinion V-955 (1949) (registration fee for motor vehicles is a tax); Lower Colorado River Authority v. Chemical Bank and Trust Co., 190 S.W.2d 48 (Tex. 1945) (government taxing itself would be a senseless process).

Furthermore, both the terms "owner" and the "property of" have been in article 6675a-3(c) since its enactment in 1929, Acts 1929, 41st Leg., 2d C.S., ch. 88, at 172, and we find no case or opinion that suggests that the two terms are not coextensive. In Attorney General Opinion WW-487 (1958) this office wrote:

> [I]n order to qualify for issuance of fee-exempt license plates, the following requirements must be present:
>
> 1. The agency seeking the exemption must have been created by the laws of the State of Texas and be functioning pursuant thereto.
>
> 2. The agency must have been created for the purpose of performing governmental functions or duties.
>
> 3. The vehicles for which exemption is sought must be owned by such agency.
>
> 4. The vehicles must be used exclusively by the agency. (Emphasis added.)

The opinion made no suggestion that the statutory requirement that the vehicle be "the property of" a governmental body was in addition to the "ownership" requirement. See also State Highway Commission v. Harris County Flood Control Dist., 247 S.W.2d 135 (Tex. Civ. App. - Galveston 1952, writ ref'd).

We conclude, therefore, that a governmental body covered by article 6675a-3(c) is exempt from motor vehicle registration fees for a vehicle if it is the "owner" of the vehicle in question and the vehicle is used exclusively in the service of the governmental body.

## S U M M A R Y

If an entity listed in article 6675a-3(c) leases a motor vehicle and thereby becomes its "owner" as that term is defined in article 6675a-1(1), the entity is exempt from the registration fee for a motor vehicle if the vehicle in question is used exclusively in the service of an entity listed in article 6675a-3(c).

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General